2004 VT 69

# Sandra Perry v. Green Mountain Mall and Raymond J. Heath d/b/a Heath Construction

[857 A.2d 793]

No. 02-534

Present: Amestoy, C.J., Dooley, Johnson, Skoglund and Reiber, JJ.

Opinion Filed July 30, 2004

*Robin C. Curtiss, Lara J. Saffo* and *Edward M. Van Dorn, Jr.* of *Van Dorn & Curtiss, PLLC*, Orford, New Hampshire, for Plaintiff-Appellant.

*Keith Aten* of *Aten Clayton & Eaton PLLC*, Littleton, New Hampshire, for Defendant-Appellee Green Mountain Mall.

*William D. Riley* of *Paul, Frank & Collins*, Burlington, for Defendant-Appellee Heath.

¶ 1. **Amestoy, C.J.** This appeal arises from a jury verdict apportioning more than 50% of the fault for a parking lot accident to plaintiff-

appellant Sandra Perry. Appellant argues (1) the trial court's dismissal of defendant-appellee Raymond Heath from the case was error because the court improperly concluded that Heath did not owe a duty of care to plaintiff-appellant pursuant to the Restatement (Second) of Torts § 324A; and (2) the error was not harmless. We agree with appellant's first argument but not her second and therefore affirm.

¶ 2. Appellant was employed by the Ames department store at Green Mountain Mall in St. Johnsbury. She was injured at the end of her workday in January of 1999, as she and a coworker were driving through the parking lot after closing the store for the night. The parking lot was icy, and appellant's car slid on the ice. The car came to a stop perpendicular to a service road in the parking lot with its front wheels in an embankment. Appellant and her coworker stepped out of the car to try to free it from the embankment. With the car running, appellant, standing between the door and the interior, attempted to shift the car into neutral from park. The transmission engaged, and the car began to move backward with nobody at its controls. Appellant attempted to run backward with the car but slipped on the ice and fell on her back. The car dragged her approximately twenty feet and eventually came to a stop with a wheel on appellant's ribs. Appellant suffered substantial physical injuries to her nose, face, and upper body.

¶ 3. Appellant brought a negligence action against Green Mountain Mall and Raymond Heath, the contractor responsible for maintaining the parking lot and roads around the Mall, seeking to recover damages for the multiple injuries she suffered. Appellant alleged that appellees' failure to maintain and properly sand the premises caused her accident.

¶ 4. During the four-day trial, appellant and appellees presented contradictory evidence regarding the safety of the parking lot. The contract between Heath and the Mall required Heath to provide "snowplowing and sanding services" for the Mall's parking lot and roads. Heath was required to go to the Mall every day, check the parking lot, and plow and sand when needed. The Mall had the overall responsibility to maintain the premises, and to contact Heath whenever the Mall personnel observed any problem with the parking lot. Appellant offered witness testimony that the Mall parking lot and roadways were improperly maintained and had icy patches. Appellant also put forth evidence that Heath had not sanded the lot for two days before the accident. Heath, on the other hand, insisted that he had inspected the lot the day of appellant's accident and had found the parking lot to be well sanded. Appellees also offered testimony from

the owner of the Mall and a tenant at the Mall that the roadways and parking lot were well maintained and were in good condition on the day of the accident.

¶ 5. At the end of appellant's case, Heath moved for judgment as a matter of law, arguing that he did not owe appellant a duty of care because he was only a contractor and not the owner of the property. Appellant objected to the motion on the grounds that Heath owed her a duty under Restatement (Second) of Torts § 324A.[1] After requesting the parties to submit briefs on the issue, the judge granted Heath judgment as a matter of law, finding § 324A inapplicable to small independent contractors.

¶ 6. At the end of the trial, the jury returned a verdict allocating appellant 53% of the fault for the accident and allocating 47% of the responsibility to the Mall. Because appellant's share of fault exceeded 50%, she was barred from recovery pursuant to 12 V.S.A. § 1036. Appellant moved for a new trial alleging that the dismissal of Heath "resulted in a gross miscarriage of justice," because it was possible that the jury could have found that the combined liability of the two defendants was greater than 50%. Appellant argued again for the application of § 324A, noting that neither defendant had claimed that it should not apply. The trial court denied the motion for a new trial, finding that, even if Heath had remained a defendant, Heath's liability would be subsumed under the liability of the Mall. This appeal followed.[2]

---

[1] Section 324A states that:

> One who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of a third person or his things, is subject to liability to the third person for physical harm resulting from his failure to exercise reasonable care to protect his undertaking, if
>
> > (a) his failure to exercise reasonable care increases the risk of such harm, or
> >
> > (b) he has undertaken to perform a duty owed by the other to the third person, or
> >
> > (c) the harm is suffered because of reliance of the other or the third person upon the undertaking.

Restatement (Second) of Torts § 324A (1965).

[2] Appellee Green Mountain Mall reiterates that it should not be considered a party to this appeal because appellant's notice of appeal and docketing statement specifically indicated an intent to appeal only the judgment in favor of appellee Heath. The Mall first raised

█ ¶ 7. Appellant first claims that the trial court erred in finding § 324A inapplicable and dismissing appellee Heath on that basis. We agree. A motion for judgment as a matter of law is granted only where there is no legally sufficient basis for a reasonable jury to find for the nonmoving party. *Brueckner v. Norwich Univ.*, 169 Vt. 118, 122, 730 A.2d 1086, 1090 (1999); V.R.C.P. 50. This Court applies the same standard as the trial court. *Id.* Because § 324A applies to the facts of this case, a reasonable jury could have found Heath liable, and therefore Heath's dismissal was in error.

¶ 8. This Court specifically adopted § 324A in *Derosia v. Liberty Mutual Insurance Co.*, 155 Vt. 178, 182-83, 583 A.2d 881, 883-84 (1990). That case involved a claim against a workers' compensation carrier who had provided safety investigations for the insured. The plaintiff had been injured at work when the table saw he was working with severed three of his fingers. We held that the insurer was liable because it had undertaken to provide a service — specifically investigating and monitoring the insured's workplace safety — and had neglected to require the insured to put the guard over the table saw as was directed in the manufacturer's instructions. *Id.* at 182-87, 583 A.2d at 883-86.

¶ 9. In finding § 324A inapplicable in this case, the trial court reasoned that it was unclear whether the section applies to independent contractors or small businesses. The court distinguished *Derosia* from this case because there the insurer's undertaking was "quite substantial" and the undertaking was in effect to take on the responsibility for the safety of the insured organization. The court explained that to apply § 324A to small businesses and independent contractors like defendant Heath represents a substantial policy change in terms of the responsibility of independent contractors on premises liability issues that should not occur without the express guidance of the Legislature, or this Court.

---

this issue in a motion to dismiss the appeal, which this Court denied because "[a]lthough plaintiff's notice of appeal indicated that she sought review of the earlier order dismissing defendant ... Heath, the record reveals that the obvious intent of her appeal was to challenge the dismissal of defendant Heath so that she could obtain a new trial and a jury verdict that assigned each or all of the defendants, including defendant Green Mountain Mall, more than 50% of the responsibility for the accident." Notices of appeal are interpreted "liberally" and in the context of the case. *In re Shantee Point, Inc.*, 174 Vt. 248, 259, 811 A.2d 1243, 1252 (2002). If the notice of appeal is ambiguous, we look at appellant's apparent intent. *Id.* at 259-60, 811 A.2d at 1252-53. We are unpersuaded by appellee's argument that appellant did not intend to seek a new trial against Green Mountain Mall when she filed the notice of appeal and docketing statement.

¶ 10. We have never determined whether § 324A applies only in the context of larger organizations or where there is a substantial undertaking. Nevertheless, we find no support in the Restatement to distinguish tortfeasors based on the size of their enterprise. According to the Restatement:

> This Section applies to any undertaking to render services to another, where the actor's negligent conduct in the manner of performance of his undertaking, or his failure to exercise reasonable care to complete it, or to protect the third person when he discontinues it, results in physical harm to the third person or his things.

Restatement (Second) of Torts § 324A cmt. b.[3] Nothing in the comments or the illustrations that accompany the section suggests such a distinction. Consistent with its language, other jurisdictions that have adopted § 324A have applied it independently of the tortfeasor's size. See *Gazo v. City of Stamford*, 765 A.2d 505, 510 (Conn. 2001) (adopting § 324A(b) and applying it in slip-and-fall case against independent contractor hired to remove ice and snow from private premises); *Kostidis v. General Cinema Corp. of Ind.*, 754 N.E.2d 563, 567-68 (Ind. Ct. App. 2001) (holding that snow plow company had a duty of care under § 324A); *Stevens v. Jeffrey Allen Corp.*, 722 N.E.2d 533, 538-39 (Ohio Ct. App. 1997) (finding that § 324A could apply to landscape company, contracted to maintain the public library grounds). The trial court erred by not applying the Restatement in this case, and in dismissing defendant Heath from the case as a matter of law.

¶ 11. Appellant next asserts, as she must, that the trial court's error is "inconsistent with substantial justice" and therefore compels the grant of a new trial. See V.R.C.P. 61. The test to determine when reversal is necessary "requires examination of just how the court's ruling affected the rights of the plaintiffs, not merely procedurally, but in matters truly of substance." *Ordinetz v. Springfield Family Ctr., Inc.*, 142 Vt. 466, 470, 457 A.2d 282, 284 (1983).

¶ 12. Appellant urges us to reverse, emphasizing how the negligence was apportioned and arguing that even if Heath was allocated only 4%

---

[3] Comment b continues: "[The section] applies both to undertakings for consideration, and to those which are gratuitous." We need not, and do not, consider whether Vermont should adopt § 324A when the service is performed without consideration or in a noncommercial context.

of the responsibility, appellant's responsibility could fall under 50%, allowing her to recover. In denying the motion for a new trial, the court conducted a different analysis. The court reasoned that, assuming the dismissal was error, the allocation of 53% negligence on appellant would not have changed if Heath had been a party, because, in apportioning liability, the jury had necessarily considered two issues: whether appellant was "negligent in her actions in terms of how she operated that vehicle and behaved when she found herself in a perilous situation," which was an issue entirely independent of whether Heath was a party defendant or not, and whether there was negligence with regard to the condition of the premises, regardless of whether it was Heath's or the Mall's responsibility. Because "there was virtually no evidence of negligence on the part of the Mall other than that which would be attributed to Mr. Heath" the jury's comparison of appellant's negligence was to Heath's negligence, which in turn was attributable to Green Mountain Mall.

¶ 13. In light of the arguments presented at trial and the jury instructions, we believe that the trial court conducted the correct analysis. The jury was properly apprised of the fact that Green Mountain Mall was entirely responsible for the condition of the parking lot. The Mall did not argue that it should escape liability because of Heath's negligence. Indeed, in closing arguments, the Mall's counsel focused on appellant's contributory negligence and the allocation of liability between plaintiff Perry and defendant Mall, pointing out that:

> even if that ice was there, *because of the Mall's fault*, that's not what caused the harm ... but ... you may decide there is some fault on both sides .... If that's the decision you come to ... the evidence shows that the greater part of the fault, more than fifty percent ... is [appellant's]. And if there is any fault on the part of the Mall, it's ... less than fifty percent.

Furthermore, the court's instructions were fully adequate to explain that the Mall was solely responsible for maintenance of the premises. The jury was charged as follows:

> Green Mountain Mall [has] certain responsibilities with regard to the premises which constitute their business, and *that would include the parking lot and the road that have been under discussion here* .... It's the landlord's duty, and here the landlord is Green Mountain Mall, to exercise rea-

sonable care, to maintain entrances and the premises retained in their control for the use of . . . customers and employees of tenants of the Mall. That duty extends to proper diligence in keeping such areas reasonably safe from the dangers incident to accumulations of ice and snow.

We therefore find that the erroneous dismissal of appellee Heath was harmless, as it did not affect the ultimate allocation of liability.

¶ 14. Accordingly, we affirm the trial court's denial of appellant's motion for a new trial. See *Schaad v. Bell Atlantic NYNEX Mobile, Inc.*, 173 Vt. 629, 633, 800 A.2d 455, 460 (2002) (mem.) (even assuming trial court error, no basis for granting new trial unless refusal appears inconsistent with substantial justice); V.R.C.P. 61 ("no error or defect in any ruling or order . . . by the court . . . is ground for granting a new trial . . . unless refusal to take such action appears to the court inconsistent with substantial justice.").

*Affirmed.*