Jurnak v. Aqua Waste Septic Service, No. 238-7-03 Bncv (Carroll, J., Mar. 23, 2005)

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

**STATE OF VERMONT**
**BENNINGTON COUNTY, ss.**

| | |
|---|---|
| **ARIEL (BEGUN) JURNAK** | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) **BENNINGTON SUPERIOR COURT** |
| | ) **DOCKET NO. 238-7-03 Bncv** |
| **AQUA WASTE SEPTIC SERVICE** | ) |
| **and GEORGE DAVIS d/b/a/** | ) |
| **AQUA WASTE SEPTIC SERVICE** | ) |
| **Defendant.** | ) |

**ORDER ON DEFENDANT AQUA WASTE SEPTIC SERVICE'S MOTION FOR
SUMMARY JUDGMENT AND PLAINTIFF ARIEL (BEGUN) JURNAK'S MOTION
FOR PARTIAL SUMMARY JUDGMENT**

Defendants Aqua Waste Septic Service and George Davis (collectively "Aqua Waste")

move the Court for summary judgment on Plaintiff Ariel (Begun) Jurnak's claims against it.

Plaintiff Ariel (Begun) Jurnak replies and moves for summary judgment on the sole issue of

whether Aqua Waste owed her a duty of care as a matter of law.  For the reasons herein,

Defendant Aqua Waste's motion is **DENIED**, and Plaintiff Jurnak's motion is **GRANTED**.

**Standard on Summary Judgment**

Summary Judgment under V.R.C.P. 56 is appropriate when there is "no genuine issue as

to any material fact and that any party is entitled to judgment as a matter of law."  V.R.C.P. 56

(c)(3).  When reviewing a motion for summary judgment, the Court will afford the non-moving

party "all reasonable doubts and inferences" based upon the facts presented. Samplid Enterprises, Inc. v. First Vermont Bank, 165 Vt. 22, 25 (1996) [citing Pierce v. Riggs, 149 Vt. 136, 139 (1987)]. In the event that the non-moving party opposes the moving party's motion, "[a]llegations to the contrary must be supported by specific facts sufficient to create a genuine issue of material fact." Id. [citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986)].

## Background

On July 27, 2000, Plaintiff Ariel Jurnak slipped and fell in the Brattleboro Price Chopper supermarket, where she was employed in the rotisserie department of the store. Jurnak claims that she slipped and fell as a result of grease on the floor of the rotisserie department following Defendant Aqua Waste's service of the store's grease traps in that area. Jurnak alleges that Aqua Waste failed to provide adequate warning of a potentially dangerous condition and failed to leave the grease traps they had serviced in a reasonably safe condition. Aqua Waste had been called by Price Chopper on numerous occasions to service and repair the grease traps and had performed work on July 27, 2000. No written agreement existed between these two parties.

It appears from the parties' pleadings and evidence that the grease trap problems at Price Chopper were somewhat chronic, and that Aqua Waste had made service calls to Price Chopper on numerous occasions to deal with clogged grease lines. (See Pl.'s Mem. in Opp'n to Def. George Davis' Mot. for Summ. J., Ex. 3.) Aqua Waste was aware that on the night Jurnak was injured, after finishing its work for that day, that the grease lines were in need of further servicing. (Id.) Aqua Waste was also aware of the mechanics of the malfunctioning grease lines, and the nature of the problems caused by the malfunction. (Davis Dep., at 44, 71-72.)

2

Jurnak testified in deposition that she was aware that Aqua Waste was performing service on July 27, 2000, and that when Aqua Waste left it provided no verbal or other warning indicating possible slippery conditions around the traps that had been serviced. (Jurnak Dep., at 60.) Davis, however, testified that it was customary for Aqua Waste to mop the floor after servicing the lines, although he could not testify if Aqua Waste had in fact mopped on July 27, 2000. (Davis Dep., at 75, 77.) Jurnak claims that after she fell, she noticed grease around the edges and seeping out of the grease trap near which she fell and which Aqua Waste had serviced that day. (Jurnak Dep., at 52.)

In her reply to Aqua Waste's motion, Plaintiff Jurnak contends that the questions of whether Aqua Waste provided adequate safety measures after its work on July 27, 2000, or left the area in a safe condition, are questions for the jury. Jurnak also contends that the foreseeability of a dangerous condition, and Aqua Waste's alleged failure to warn Price Chopper employees of potentially slippery conditions, present questions for the jury concerning a breach of the duty of care owed by Aqua Waste. Aqua Waste contends in its motion that it owed no duty to Jurnak as a matter of law, and moves for summary judgment primarily on those grounds.

## Discussion

Defendant Aqua Waste moves the Court for summary judgment arguing that as a matter of law, Aqua Waste owed no duty of care to any third parties because as an independent contractor called on an as-needed basis it did not assume Price Chopper's non-delegable duty to keep its premises safe for its employees. In her reply to Aqua Waste's motion, Jurnak asserts that a duty of care exists under the Restatement (Second) of Torts § 324A and moves for summary judgment on that issue.

3

The question of whether a duty of care exists is a decision for the trial court to make as a matter of law. Keegan v. Lemieux Sec. Serv., 2004 Vt. 97, ¶ 6 [citing Springfield Hydroelectric Co. v. Copp, 172 Vt. 311, 317 n.2 (2001)]. Jurnak argues that because the Vermont Supreme Court has expressly adopted the Restatement (Second) of Torts § 324A, a duty of care should be recognized here flowing from Aqua Waste to third parties. See Perry v. Green Mountain Mall, 2004 Vt. 69; DeRosia v. Liberty Mutual Ins. Co., 155 Vt. 178, 182-83 (1990) (adopting § 324A).

The Restatement (Second) of Torts § 324A provides:

One who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of a third person or his things, is subject to liability to the third person for physical harm resulting from his failure to exercise reasonable care to protect his undertaking, if
(a) his failure to exercise reasonable care increases the risk of such harm, or
(b) he has undertaken to perform a duty owed by the other to the third person, or
(c) the harm is suffered because of reliance of the other or the third person upon the undertaking.

Restatement (Second) of Torts § 324A (1965). Furthermore, in reference to sub-section (a), Comment b provides that an actor who engages in any undertaking "to render services to another, where . . . his failure to exercise reasonable care to complete it, or to protect the third person when he discontinues it, results in physical harm to the third person" may be found liable. Id. cmt. b.

In Perry, the Court made clear that no distinction is to be drawn between large and small independent contractors in the application of § 324A, and held there that a snow removal contractor employed to plow a shopping plaza parking lot owed a duty of care to users of the lot under § 324A. Perry, 2004 Vt. 69, at ¶ 10. Although in its motion Aqua Waste devotes

4

considerable effort to analyzing the issue of duty under implied indemnification principles,[1] which do not apply here, in its reply to Jurnak's motion Aqua Waste acknowledges the applicability of § 324A(a) to this case. Because the Court agrees that § 324A applies to Aqua Waste and that as a matter of law Aqua Waste owed a duty of care to undertake its work at Price Chopper in a safe and reasonable manner, the Court hereby grants Jurnak's Motion for Partial Summary Judgment on the issue of duty.

Although it appears to have conceded that § 324A applies, Aqua Waste argues that Jurnak has insufficient proof to sustain her claim, and asserts that she cannot prove that Aqua Waste breached a duty of care. However, given that the present motion is one for summary judgment, the Court must afford the non-movant all reasonable doubts and inferences on the facts presented. See Samplid Enterprises, Inc., 165 Vt. 22, 25 (1996) (citing Pierce v. Riggs, 149 Vt. 136, 139 (1987)). In doing so the Court determines that summary judgment for Aqua Waste

---

[1]Aqua Waste's motion argues for summary judgment through the prism of implied indemnity, and although the motion appears to acknowledge that Jurnak's claims are not implied indemnity claims, it confines its memorandum to issues of implied indemnity including 'active negligence' and assumption of a non-delegable duty that would preclude implied indemnity, but not necessarily direct liability. Although Aqua Waste's motion does not squarely address the relevant authority or legal standards for a duty of care owed by independent contractors, outside of an implied indemnity claim, this Order proceeds with the understanding that Aqua Waste's arguments are 1) Aqua Waste owed Jurnak no duty as a matter of law, and 2) Jurnak has insufficient evidence of a breach even were a duty to be found.

5

is not warranted because triable issues remain.

For example, it is disputed whether or not any grease on the floor prior to Jurnak's fall was the result of employee spills, or from grease escaping the trap that Aqua Waste serviced that day: Jurnak testified that she saw grease seeping out of the trap after she fell while Aqua Waste contends that grease was always present on the floor from the day to day operations of the rotisserie department. It is also a jury question as to whether given Aqua Waste's knowledge of the problem at Price Chopper, it was reasonable to leave the grease trap without signage or other warning, and whether it was reasonable for Aqua Waste not to caution Jurnak as to a potentially recurring hazard: Jurnak testified she was not warned of any slippery conditions, nor were any signs placed near the serviced traps. Jurnak has presented enough evidence to support the prima facie elements of breach and causation sufficient to withstand a summary judgment motion, and from which a jury could reasonably infer negligence.

To summarize, the Court determines that Aqua Waste owed Jurnak a duty of care as a matter of law under Restatement § 324A and <u>DeRosia v. Liberty Mutual Ins. Co.</u> There are sufficient material facts in dispute that could support Jurnak's claim of negligence and thus summary judgment is precluded on the issue of liability.

## **ORDER**

For the foregoing reasons, Defendant Aqua Waste's Motion for Summary Judgment is **DENIED** and Plaintiff Ariel (Begun) Jurnak's Motion for Partial Summary Judgment on the issue of duty of care is **GRANTED**, the Court finding that such a duty exists as a matter of law.

Dated this _____ day of March, 2005, at Bennington, County of Bennington, Vermont.

6

_____
Karen R. Carroll
Presiding Judge