STATE OF VERMONT

ENVIRONMENTAL COURT

|  |  |  |
|---|---|---|
| | } | |
| In re Hitchcock 2-Lot Subdivision[1] | } | Docket No. 218-11-09 Vtec |
| (Appeal of Paynter Group) | } | |
| | } | |

Decision and Order on Motion to Dismiss for Lack of Signatures on Notice of Appeal

This is an appeal from a decision of the Zoning Board of Adjustment (ZBA) of the Town of Pittsford, which upheld the Zoning Administrator's grant of subdivision approval to Applicant Allen Hitchcock.[2]   The Notice of Appeal was filed by Mr. Bruce Paynter "acting as representative" of a group of twelve petitioners, including himself (the Appellant Group); the group had obtained party status before the ZBA by filing a petition as required by 24 V.S.A. § 4465(b)(4).[3]  Appellee-Applicant Allen Hitchcock has entered an appearance representing himself.  The Town of Pittsford is represented by David R. Cooper, Esq.  The Town has moved to dismiss the appeal because the Notice of Appeal was signed only by Mr. Paynter and not by the other group members.

Procedural History

On August 12, 2009, Mr. Paynter filed a petition with the ZBA under 24 V.S.A. § 4465(b)(4), signed by himself and eleven other petitioners, appealing the Zoning

---

[1]   If Applicant Hitchcock has proposed to create two new building lots and to retain a larger parcel of land, as Mr. Paynter points out in his memorandum, the proposed project may actually be a 3-lot subdivision.  See Appellant Paynter's Response, at 3 (Mar. 26, 2010).

[2]  The parties have not yet provided the Court with a copy of the ZBA decision appealed from, nor with a copy of the Zoning Administrator's decision.

[3]   In a separate appeal, Docket No. 217-11-09 Vtec, Mr. Paynter has also appealed an unrelated decision of the ZBA regarding a 2-lot subdivision proposed by Mr. Paynter. That appeal raises the identical issues to those raised in the present appeal.

1

Administrator's decision to the ZBA.[4]  As required under 24 V.S.A. § 4465(b)(4), in the petition the petitioners designated Mr. Paynter to serve as their "representative . . . regarding all matters related to the appeal."

After the ZBA upheld the Zoning Administrator's grant of subdivision approval, on November 6, 2009, Mr. Paynter filed a Notice of Appeal of the ZBA decision with this Court.[5]  The November 6 Notice of Appeal was signed only by Mr. Paynter, but stated that Mr. Paynter was filing the appeal "acting as representative of the attached list of petitioners," referring to the attached copy of the petition that had been filed with the ZBA.

Although they had only signed the petition bringing the original appeal to the ZBA, and had not signed the Notice of Appeal to this Court, the Court notified all twelve listed petitioners of the initial pretrial conference.  Because the Town had raised issues regarding whether Mr. Paynter could serve in any capacity as a representative of the Appellant Group, and because Mr. Paynter had moved for permission as a nonattorney to represent the Appellant Group, the initial pretrial conference was scheduled to be held in person at the Rutland Superior Court, rather than by telephone.  All Appellant Group members were requested to attend; six of them, including Mr. Paynter, did so.

At that conference, the Court permitted Mr. Paynter to continue to serve as the

[4]  The Town's memorandum states that Mr. Paynter initially sought to appeal the decision of the Zoning Administrator to the ZBA as an individual on July 30, 2009, before filing the group petition; that initial individual appeal has not been provided and no party claims that it is material to the present issues.  Town of Pittsford's Response, 1 (Mar. 19, 2010).

[5]  This Notice of Appeal appears to have been filed after the ZBA had rendered its decision (presumably at a ZBA meeting), but before it had actually issued a written decision or issued minutes of the ZBA meeting at which the action was taken.  See 24 V.S.A. § 4464(b)(1) (requiring decisions of a municipal panel to be in writing, which can either be in a separate written decision or in the minutes of the meeting at which the decision was made).

designated "representative" of the petitioners, as provided by 24 V.S.A. § 4465(b)(4), but made it clear that his status as the petitioners' representative did not authorize him to serve as an attorney for the Appellant Group or its members. Because Mr. Paynter was not serving as the group's attorney, the Court explained that all of the Appellant Group members must sign any legal documents to be submitted to the Court on behalf of the Appellant Group.[6]

After the conference, two of the twelve listed petitioners withdrew as members of the Appellant Group. Four other group members, who had not attended the in-person conference, filed statements with the Court regarding their absence from the conference: two members filed in writing their intention to remain part of the group and to proceed with the appeal, while two other group members filed written explanations of why they had not been able to attend the in-person conference, but did not specifically state whether they wished to proceed with the appeal. After the in-person conference, the Town moved to dismiss for lack of a sufficient number of group members under 24 V.S.A. § 4465(b)(4); the Court denied that motion on the basis of the

---

[6] See In re: Kenfield Brook Properties, LLC, No. 238-11-05 Vtec (Vt. Envtl. Ct. Feb. 24, 2006) (Wright, J.) (concluding that a nonattorney could not sign a notice of appeal on behalf of five other "concerned neighbors"); In re: Appeal of Carroll, No. 3-1-05 Vtec (Vt. Envtl. Ct. Aug. 26, 2005) (Durkin, J.), rev'd on other grounds, 2007 VT 19, 181 Vt. 383 (holding that a nonattorney could not sign a notice of appeal on behalf of eight other individuals). In both Kenfield and Carroll the number of individuals involved was too small to qualify as a § 4465(b)(4) group; therefore, both cases simply reflect the general rule that a nonattorney cannot represent other individuals in Court (and therefore cannot sign a notice of appeal or other documents on their behalf). This prohibition against nonattorney representation is grounded in the fact that attorneys, unlike those not admitted to practice law, are "subject to the fiduciary duties that govern [attorney-client] relationships and the rules of professional responsibility that generally apply to lawyers and judges." In re Conner, 2006 VT 131, ¶ 10, 181 Vt. 555; see also Vt. Agency of Natural Res. v. Upper Valley Reg'l Landfill Corp., 159 Vt. 454, 456 (1992) (stating that nonattorneys "do not have the ethical responsibilities of attorneys and are not subject to the disciplinary control of the courts" (citing Jones v. Niagara Frontier Transp. Auth., 722 F.2d 20, 22 (2d Cir. 1983)).

group members' ten signatures on the Appellant Group's opposition to the Town's motion.

The Town has now moved to dismiss the appeal on the ground that only Mr. Paynter signed the Notice of Appeal, arguing that the appeal to this Court was not brought by a group party with standing under 24 V.S.A. § 4465(b)(4). Mr. Paynter counters that the rest of the petitioners did not have to sign the Notice of Appeal because he was continuing as the "representative of the petitioners regarding all matters related to the appeal," as provided in 24 V.S.A. § 4465(b)(4). In order to address this motion, it is necessary to examine the statutory scheme as a whole and to compare the provisions governing appeals of zoning administrator decisions to a municipal panel with the provisions governing appeals of municipal panel decisions to this Court.

### Appeals to the Municipal Panel—24 V.S.A. § 4465

Appeals taken from an action of the zoning administrative officer to a municipal panel (in the present case, the ZBA) are governed by 24 V.S.A. § 4465, which allows an "interested person" to "appeal any decision or act taken by the administrative officer . . . within 15 days of the date of that decision or act." 24 V.S.A. § 4465(a). Section 4465(b) lays out five categories of "interested person[s]" qualified to bring such appeals.

Of these, only § 4465(b)(4) allows citizens or property owners, who do not necessarily qualify for standing as individuals because they may not be directly affected by the proposed project, to group together to challenge action that they believe is contrary to that municipality's policies. Unlike individual standing under § 4465(b)(1) or (b)(3), group standing under § 4465(b)(4) requires the group to consist of at least ten

4

persons.[7]  If the group later falls below the minimum number, the appeal must be dismissed as no longer meeting the statutory definition.

Section 4465(b)(4) defines "interested person" as a group of:

> Any ten persons who may be any combination of voters or real property owners within a municipality . . . who, by signed petition to the appropriate municipal panel of [the] municipality . . . allege that any relief requested by a person under this title, if granted, will not be in accord with the policies, purposes, or terms of the plan or bylaw of that municipality.

Under that subsection, the "interested person," that is, the party to the appeal, is the petitioner group as a whole, not any of the individual members.  Because there is no upper limit on the number of group members, such groups may become quite large.  Therefore, statutory changes adopted effective in 2004, which recodified the group standing provision as § 4465(b)(4), added the requirement that the group's petition to the municipal panel "must designate one person to serve as the representative of the petitioners regarding all matters related to the appeal."  24 V.S.A. § 4465(b)(4).

Appeals to the Environmental Court—24 V.S.A. § 4471

After a municipal panel issues its decision in an appeal taken under § 4465, the matter can further be appealed to this Court.  Appeals from a municipal panel to the Environmental Court are governed by a separate statutory provision, 24 V.S.A. § 4471, which provides that "[a]n interested person who has participated in a municipal regulatory proceeding . . . may appeal a decision rendered in that proceeding by an

---

[7] The analogous provision of the former statute, then codified as § 4464(b)(4), contained the same provision as to group size.  See 24 V.S.A. § 4464(b)(4) (2003) (stating that an "interested person" means "[a]ny ten persons owning real property within a municipality . . . who . . . allege that any relief requested by a person under this title, if granted, will not be in accord with the policies, purposes or terms of the plan or bylaw of that municipality").

appropriate municipal panel to the environmental court." Id. § 4771(a). See also 10 V.S.A. § 8504 (governing appeals to the environmental court).

Unlike appeals to the municipal panel initiated under 24 V.S.A. § 4465, appeals to the Environmental Court are required to comply with the various rules adopted by the Vermont Supreme Court to govern court proceedings. Rule 5(a)(2) of the Vermont Rules for Environmental Court Proceedings (V.R.E.C.P.), applicable to appeals such as the present case, also provides that the Vermont Rules of Civil Procedure (V.R.C.P.) and Vermont Rules of Appellate Procedure (V.R.A.P.), "so far as applicable, govern all proceedings under this rule," except as modified by V.R.E.C.P. 5 and V.R.E.C.P. 2(b)–(e) (governing certain pretrial procedures).

In order for a petitioner group to have standing to appeal to this Court under § 4471, the group must continue to qualify as an "interested person" as defined in § 4465(b)(4). The petitioner group must also have "participated in" the municipal proceeding below.[8] That is, the group cannot file its petition for the first time with the Environmental Court. Id. § 4471(a); see also In re Albert, 2008 VT 30, ¶ 11 (stating that, under the prior version of § 4471, in order to have standing to appeal a decision of a municipal panel to the Environmental Court, the petitioner group was required to have filed the petition at the municipal level during the proceedings below).

In order to bring an appeal under § 4471, an interested person must file a new, timely notice of appeal with this Court; for a § 4465(b)(4) petitioner group, this new notice of appeal is distinct from the petition that was filed below with the municipal panel. 24 V.S.A.§ 4471(c). Under the rules applicable to § 4471 appeals, the "notice of appeal must specify the party or parties taking the appeal" and "must be signed by the appellant or the appellant's attorney," among other things. V.R.E.C.P. 5(b)(3) (emphasis

---

[8]   The statute defines "participation in a local regulatory proceeding" as "offering, through oral or written testimony, evidence or a statement of concern related to the subject of the proceeding." 24 V.S.A. § 4471(a).

added).  Signing of the notice of appeal by the appellant (or the appellant's attorney) is also required under V.R.C.P. 11.  See V.R.C.P. 11(a) ("Every pleading, written motion, and other paper shall be signed by at least one attorney of record . . . or, if the party is not represented by an attorney, shall be signed by the party.") (emphasis added).

Statutory Construction Standards

As a general rule, "statutes regulating appeal rights are remedial in nature and therefore liberally construed in favor of persons exercising those rights."  In re Albert, 2008 VT 30, ¶ 8, 183 Vt. 637 (citing Casella Constr., Inc. v. Dep't of Taxes, 2005 VT 18, ¶ 5, 178 Vt. 61).  However, the Court's "paramount goal" in construing a statute "is to effectuate the Legislature's intent as evidenced by the 'plain, ordinary meaning of the language used.'" Murdoch v. Town of Shelburne, 2007 VT 93, ¶ 5, 182 Vt. 587 (quoting Earth Constr., Inc. v. State Agency of Transp., 2005 VT 82, ¶ 5, 178 Vt. 620 (mem.)).  If the statute is silent or ambiguous regarding a particular matter, the Court "must broaden [its] inquiry to 'determine its intent from a consideration of the whole and every part of the statute, the subject matter, [and] the effects and consequences' in order to create a 'harmonious whole.'"  Murdoch, 2007 VT 93, ¶ 5 (quoting Ran-Mar, Inc. v. Town of Berlin, 2006 VT 117, ¶ 5, 181 Vt. 26).

Signatories to a § 4465(b)(4) Group Notice of Appeal to Environmental Court

In the present case, the relevant statutory provisions, 24 V.S.A. §§ 4465 and 4471, are silent as to whether each member of a § 4465(b)(4) petitioner group must sign the notice of appeal in order to appeal a ZBA decision to this Court.  Therefore, the Court must examine the overall statutory scheme and the applicable court rules in analyzing whether all members of an unrepresented § 4465(b)(4) petitioner group are required to sign the notice of appeal to this Court, or whether the representative designated by the petitioners in the petition filed with the ZBA can sign and file the notice of appeal of

7

behalf of the group.

First, as established at the March 26, 2010 conference, although Mr. Paynter is the person designated by the members of the Appellant Group to serve as the "representative of the petitioners" in this matter, the statute does not authorize him to represent the group as its attorney. As discussed above, see note 6, this simply reflects the general rule that an individual who is not an attorney can represent himself in court, but cannot represent other individuals in court or sign court documents on their behalf.

Unlike a group represented by an attorney who is authorized to sign on behalf of his or her clients, the Appellant Group is an unrepresented party appellant. Under the court rules applicable to appeals, it is the party appellant itself that is required to sign the notice of appeal. See V.R.E.C.P. 5(b)(3) (requiring an unrepresented "appellant" or party to sign the notice of appeal). And because the "appellant" in this case is the Appellant Group as a whole, all ten members of the group must sign the Notice of Appeal to authorize the Appellant Group to bring the appeal.

Moreover, the appeal to this Court is a new proceeding, distinct from the appeal to the municipal panel brought by the petitioner group. The petition that initiated the appeal to the municipal panel, which was signed by each member of the petitioner group, was only addressed to the ZBA and did not commit the group's members to pursuing the case beyond the ZBA. This appeal is governed by a separate statutory provision and requires the filing of a new notice of appeal. 24 V.S.A.§ 4471(c).

In order to ensure that each member of a petitioner group actually intends to take the appeal to this Court, the decision to file the notice of appeal with this Court must be signed by all members who intend to participate in the appeal at the judicial level. Otherwise, the Court has no way of determining whether a group appellant has the requisite number of members to qualify as an "interested party" under the statutory definition in § 4465(b)(4).

Lastly, requiring all members of a petitioner group to sign the new notice of

8

appeal ensures that the group members are subject to V.R.C.P. 11, which is only applicable to court proceedings, not to proceedings before the ZBA. Rule 11 imposes on an attorney or on an unrepresented party the obligation to present to the court only those pleadings that assert claims, defenses, or other legal positions "warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law," V.R.C.P. 11(b)(2), and it allows the court to impose sanctions on any lawyer or unrepresented party who violates the rule, V.R.C.P. 11(c). Requiring all members of an unrepresented petitioner group to sign a notice of appeal ensures that the group party appellant as a whole is subject to Rule 11.

Based on this reasoning, the Court concludes that each member of the § 4465(b)(4) petitioner group must sign the Notice of Appeal filed with this Court. This result takes into account the applicable statutory provisions, rules, and legal doctrines and creates a "harmonious" result. See Murdoch, 2007 VT 93, ¶ 5.


Remedy: Ratification of the Notice of Appeal or Dismissal

Because the individual members of the Appellant Group did not sign the Notice of Appeal filed with this Court, the notice was deficient. However, that deficiency does not necessarily require the Court to dismiss the appeal, because V.R.E.C.P. 5(b) makes clear that the only essential requirement is the timely filing of the Notice of Appeal.

Rule 5(b)(3) specifically provides that an appeal "will not be dismissed for informality of form or title" of a timely notice of appeal, or for "failure to name a party whose intent to appeal is otherwise clear from the notice." In general, "[n]otices of appeal are to be interpreted 'liberally' and in the context of the case. Perry v. Green Mountain Mall, 2004 VT 69, ¶ 6, n.2, 177 Vt. 109 (citing In re Shantee Point, Inc., 174 Vt. 248, 259 (2002)). V.R.E.C.P. 5(b)(3) simply embodies the general rule that the Court looks to whether the litigant's action is the functional equivalent of what the rule requires. See In re Shantee Point, Inc., 174 Vt. 248, 259 (2002) ("If a litigant's action is the

9

functional equivalent of what the [appellate] rule requires, we will find compliance." (citation omitted)). In the present case, the question of whether all members of a § 4465(b)(4) petitioner group must sign the notice of appeal to this Court is a legal issue that has not previously been ruled on by the Court. Therefore, the Court will give the remaining members of the Appellant Group the opportunity to state whether or not they wish to continue with the appeal; that is, whether the Notice of Appeal filed on their behalf by Mr. Paynter actually constitutes the action of all ten remaining members of the group of petitioners.

Accordingly, so that it is <u>received</u> at the Court on or before May 3, 2010, each petitioner group member (other than Mr. Paynter) wishing to continue with the appeal before this Court shall sign a copy of the original Notice of Appeal, shall place on that document the current date on which it is being signed, and shall include a statement of that member's intention to ratify the Notice of Appeal and to continue as a member of the Appellant Group.[9] Please note that, for these documents as well as for any other document sent to the Court, a copy must be sent to each of the other parties.

A telephone conference has been scheduled to discuss the remaining issues in this appeal (see enclosed notice), and to discuss whether this appeal should remain consolidated with the appeal of Mr. Paynter's subdivision application, Docket No. 217-11-09 Vtec. On the record of the conference, the Court will rule on whether a sufficient number of Appellant Group members have signed the Notice of Appeal for the appeal to continue as a § 4465(b)(4) group appeal. The Court will also address Mr. Paynter's March 29, 2010 supplemental memorandum in support of his individual party status in this matter.

---

[9] Although all ten members of the Appellant Group signed the group's March 11, 2010 memorandum in opposition to the Town's motion to dismiss based on the number of group members, the requirement that each group member sign the actual Notice of Appeal is a separate requirement that must be ratified if they wish to continue with the appeal.

10

At the conference, please be prepared to discuss whether the recent Supreme Court decision, In re Paynter 2-Lot Subdivision, 2010 VT 28 (copy enclosed), resolves Questions 5 and 6 of the Statement of Questions. Also please be prepared to discuss whether Questions 1 through 4 of the Statement of Questions can be resolved through motions for summary judgment.

Please note that this is a telephone conference; in order to participate, participants must call the telephone number and enter the PIN, as instructed on the enclosed notice of the conference. Pursuant to 24 V.S.A. § 4465(b)(4), Mr. Paynter may continue to serve as the representative of the petitioners for the purposes of the conference, but other members of the Appellant Group may, if they wish, also call into the conference to listen to the proceedings.

The Court requests that the Town provide the Court with a copy of the ZBA decision appealed from so that it is received at the Court before the telephone conference (that is, the written decision, if one was issued, or the minutes, if no other written decision was issued).

Done at Berlin, Vermont, this 16th day of April, 2010.

_____
Merideth Wright
Environmental Judge