*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2011-201

APRIL TERM, 2013

| | | |
|---|---|---|
| Miriam R. Levin, Margaret G. Grundstein and Leon D. Grundstein | } } } | APPEALED FROM: |
| | } | Superior Court, Lamoille Unit, |
| v. | } | Civil Division |
| | } | |
| Robert Grundstein | } | DOCKET NO. 148-8-05 Lecv |

Trial Judge: Dennis R. Pearson

In the above-entitled cause, the Clerk will enter:

Defendant Robert Grundstein appeals pro se from superior court orders requiring the partition and sale of certain real property, and awarding plaintiffs attorney's fees. We affirm.

This is the third appeal to reach the Court in this protracted family dispute. The facts may be summarized as follows. The parties are four siblings who jointly owned a camp on Lake Eden which their parents deeded to them in April 1972. In August 2005, plaintiffs—three of the siblings—commenced an action against the fourth—Mr. Grundstein—to partition the property. Following a hearing, the trial court issued a final judgment, dated August 3, 2007, assigning title to the property to Grundstein, "subject to the terms" of a separate order which conditioned the assignment on Grundstein's payment of $25,000 to each plaintiff as his or her share in the property no later than June 1, 2008. The order further provided that, if Grundstein failed to make the required payments, the property would be put up for sale and the proceeds divided into one-quarter shares and paid to the parties.

When Grundstein failed to make the required payments, plaintiffs offered the camp for sale, found a buyer, and planned to close in October 2008. In response to Grundstein's opposition to the sale and claim that it was unauthorized, plaintiffs filed an action to enjoin him from interfering. On September 29, 2008, the trial court issued an order granting the requested injunctive relief, and requiring that Grundstein vacate the property.

Grundstein appealed the injunction order to this Court, claiming that the August 3, 2007 partition order gave him a fee simple right in the property which could be extinguished only by a foreclosure action. See Levin v. Grundstein, No. 2008-417, 2009 WL 2427820, at *1 (Vt. Mar. 5, 2009) (unpub. mem.), http://www.vermontjudiciary.org/d-upeo/eo08-417.pdf (Grundstein I). We rejected the claim, explaining that, as permitted by the partition statutes, 12 V.S.A. §§ 5174-5175, the trial court had properly assigned title conditioned on the payment of money, and that in the event payment was not made in full, plaintiffs were to sell the property. "[D]efendant did not obtain a fee simple interest in the property . . . without first having paid the money required to obtain such an interest." Grundstein I, 2009 WL 2427820, at *1. We thus held that the partition

"order was proper under the statute," and that the court "did not err by enjoining [Grundstein] from interfering with the sale of the property" pursuant to the order. Id.

The planned sale apparently fell through, however, and the dispute continued. In March 2009, plaintiffs moved to hold Grundstein in contempt for failing to vacate the camp and remove his personal property. Following a hearing on June 22, 2009, the court issued an order granting the contempt motion subject to Grundstein's complying with its prior order by June 26, 2009. When he failed to comply, plaintiffs moved for an award of attorney's fees on June 30, 2009, which the court set for a hearing. The court issued a final judgment of contempt on July 6, 2009. Grundstein appealed the order, raising a variety of claims. We affirmed, holding that his "vague constitutional arguments claiming a deprivation of property without due process have no merit." Levin v. Grundstein, No. 2009-254, 2010 WL 1266673, at *1 (Vt. Apr. 1, 2010) (unpub. mem.), http://www.vermontjudiciary.org/d-upeo/eo09-254.pdf (Grundstein II). We further held that, "[t]o the extent that [Grundstein] is challenging the underlying injunction and partition order, those arguments are barred by the principle of res judicata, as the arguments were raised and rejected in this Court's previous decision." Id.

In February 2011, the trial court held a hearing on several pending motions, including plaintiffs' motion for an award of attorney's fees and motion to alter or amend the partition judgment to assign them title to the property and grant Grundstein a one-quarter interest in the proceeds of sale. In an entry order dated April 22, 2011, the trial court granted the latter motion, treating it as akin to a motion for relief from judgment under V.R.C.P. 60(b)(6), and granted the request for attorney's fees, finding that the "repeated, and continuous conduct by [Grundstein] to delay and frustrate" plaintiffs' established right to sell the property upon his failure to buy-out plaintiffs entitled them to attorney's fees under "the limited exception to the 'American rule' " for wrongful conduct. The trial court found, however, that the billing information submitted by plaintiffs' attorney was inadequate, and ordered the filing of more detailed timesheets. Grundstein filed a pro se appeal from the April 22, 2011 order.

At Grundstein's request, we stayed the appeal in August 2011 and remanded the matter to the trial court to rule on certain post-judgment motions which he had filed. On January 24, 2012, the trial court issued an order denying a motion to reconsider the April 22, 2011 order, denying a motion for access to property, and granting a request for additional time to file objections to plaintiffs' attorney's billing statements. An evidentiary hearing on the attorney's-fee request was held in July 2012. We removed the appeal from waiting status in December 2012, and scheduled briefing. On January 8, 2013, the trial court entered an order awarding plaintiffs attorney's fees of $10,622.11.

The claims on appeal are not well developed and difficult to parse. To the extent, however, that they challenge plaintiffs' right to sell the property under the terms of the partition order or the merits of the injunction, they are barred for the same reason stated in Grundstein II, 2010 WL 1266673, at *1, to wit, that the arguments were raised and rejected in Grundstein I, and are therefore res judicata.

To the extent that Grundstein asserts the trial court lacked authority to amend the partition judgment, he cites no case, statute, or other authority to support the claim, and we have held that the trial court enjoys broad discretion to amend a judgment in the interests of justice

2

under the catchall provision of Rule 60(b)(6).  See Sandgate Sch. Dist. v. Cate, 2005 VT 88, ¶ 7, 178 Vt. 625 (mem.) ("Relief from judgment under Rule 60(b)(6) is intended to prevent hardship or injustice and thus [is] to be liberally construed and applied." (quotation omitted)); Adamson v. Dodge, 174 Vt. 311, 326 (2002) (observing that trial court's discretionary decision under V.R.C.P. 60(b)(6) "is not subject to appellate review unless it clearly and affirmatively appears on the record that such discretion was withheld or abused" (quotation omitted)).  Grundstein makes no showing, moreover, of how the order vesting title in plaintiffs prejudiced his interests in any respect, inasmuch as it had no impact on the provision requiring an ultimate sale of the property due to his failure to make the required buyout payments. See Perry v. Green Mountain Mall, 2004 VT 69, ¶ 11, 177 Vt. 109 (noting that judgment will generally not be disturbed absent showing that alleged error affected "matters truly of substance" (quotation omitted)).  Grundstein also asserts that he was denied notice of a possible change of title, in violation of his right to due process, but he provides no support for the claim.

The remaining claims appear to focus on the award of attorney's fees.  In this regard, Grundstein appears to assert that the award was untimely and unauthorized under V.R.C.P. 54(d), by any statutory or contractual provision, failed to comply with the rules governing an award of sanctions under V.R.C.P. 11, was legally and factually unsupported, and was based on fraudulent billing records. The claims are meritless.  The attorney's fee motion was timely filed within fourteen days of the court's initial contempt order, V.R.C.P. 54(d)(2)(B), and was predicated, as the trial court here noted, on the recognized common-law exception to the "American rule" where litigation expenses are necessitated by the wrongful acts of a party.  See, e.g., Knappmiller v. Bove, 2012 VT 38, ¶ 5 (mem.) (reaffirming exception to general rule that parties bear their own attorney's fees and costs where "the wrongful act of one person" has made it necessary for another to incur litigation expenses (quoting Albright v. Fish, 138 Vt. 585, 591 (1980)); Agency of Natural Res. v. Lyndonville Savings Bank & Trust Co., 174 Vt. 498, 501, 811 A.2d 1232, 1236 (2002) (mem.) (recognizing that courts have inherent authority, to be exercised "with cautious restraint," to award attorney's fees "in those exceptional cases where justice demands");  In re Gadhue, 149 Vt. 322, 328, 329 (1987) (recognizing court's inherent discretion to award attorney's fees "to do justice and vindicate rights" where defendant unnecessarily "prolonged the litigation" and compelled plaintiff to seek injunction).

As noted, the trial court initially awarded attorney's fees on the basis of its finding that Grundstein's actions were designed "to frustrate and delay" plaintiffs' right to sell the property, and compelled them to incur unnecessary litigation costs in obtaining an injunction and contempt order.  In its final order of January 8, 2013 specifically awarding fees of $10,622.11, the court reaffirmed its finding that the award was based on actions by Grundstein "intentionally designed to impede and frustrate the court's orders and judgment, and to deny [p]laintiffs, the already prevailing parties, the relief they have already won."  Grundstein had not shown these findings to be erroneous, or the award an abuse of discretion.  See Knappmiller, 2012 VT 38, ¶ 4 (observing that awards for attorney's fees are generally reviewed for abuse of discretion).  Thus, the argument concerning the absence of a statutory or contractual basis for the award, and the failure to comply with the requirements for Rule 11 sanctions, are beside the point.  The attorney's fee award was not based on the unreasonable filing of court papers, but rather, as the trial court found, on Grundstein's intentionally obstructive conduct—in violation of plaintiffs' existing rights and prior court orders—that necessitated the incursion of unnecessary litigation expenses. See Chambers v. NASCO, Inc., 501 U.S. 32, 50 (1991) (holding that courts retain inherent power

3

to sanction misconduct "where the conduct at issue is not covered by one of the other sanctioning provisions" in the rules); Lawson v. Brown's Home Day Care Ctr., Inc., 2004 VT 61, ¶ 20, 177 Vt. 528 (mem.) (noting that "because the court did not impose sanctions under Rule 11, the rule's requirements [were] irrelevant here").

Grundstein also appears to assert that the exception for wrongful misconduct requires litigation with a "third party." Although the cases occasionally refer to circumstances where the wrongful acts of a person have made it necessary "to become involved in litigation with a third party," Windsor Sch. Dist. v. State, 2008 VT 27, ¶ 10, 183 Vt. 452, this is not a requirement for application of the rule, which may as easily apply to litigation directly with the offending party. See, e.g., In re Gadhue, 149 Vt. at 329-30 (actions by defendant which required plaintiff to seek injunction and incur unnecessary expenses to protect her rights justified attorney's fee award under common-law exception for wrongful acts). In addition, Grundstein appears to argue that the procedures and evidence relating to the award were deficient, challenging the submission of "post-hearing evidence" and the absence of "third party testimony." The court had the discretion, however, to continue the attorney's fee hearing and take additional evidence to determine the sufficiency and reasonableness of the attorney's billing statements. Furthermore, as stated in the court's decision, plaintiffs adduced the testimony of a "third party" in support of the claim, an attorney who testified as an expert witness that the billings submitted by plaintiffs' attorney were reasonable. Grundstein's additional assertion that the attorney's time sheets perpetrated a "fraud on the court" is entirely unsupported.

Finally, Grundstein claims that the trial court "act[ed] as an advocate" for plaintiffs' attorney and failed to act impartially. In support, he asserts that the court held the evidence open on the attorney's fee claim for too long, and misapplied the law in awarding attorney's fees. Absent "a clear and affirmative showing of bias or prejudice" a judge's recusal is not required, and merely arguing that "none of the trial judge's rulings [went] in [his] favor" does not meet this standard. Ball v. Melsur Corp., 161 Vt. 35, 40-41 (1993). Accordingly, we find no basis to support the claim, and no grounds to disturb the judgment.

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
Brian L. Burgess, Associate Justice

_____
Beth Robinson, Associate Justice

4