# David P. Creaser, Admr. of the Estate of Ross David Creaser v. Milton Bixby, Town of Ludlow and Village of Ludlow

[420 A.2d 102]

No. 440-79

Present: **Barney, C.J., Daley, Larrow, Billings and Hill, JJ.**

September 8, 1980

*Peter P. Plante* and *John C. Candon* of *Black & Plante, Inc.,* White River Junction, for Plaintiff.

*Kiel, Freeman & Boylan,* Springfield, for Defendants.

**Larrow, J.** Plaintiff's decedent met his death when a ditch in which he was working collapsed. He was employed at the time by O'Bryan Construction Company, Inc., which was installing a private sewer line to connect with municipal services, under a private contract. During the course of construction a water service leading to another customer was broken, requiring repair. Defendant Milton Bixby, an employee of the Town and Village of Ludlow, notified of the break, came to repair it. He

was making this repair, working in the ditch dug by the contractor, when the ditch collapsed. Decedent was also working in the ditch at the time, with other employees of the contractor, installing a section of sewer pipe.

Plaintiff's theory of recovery is set out in his amended complaint. His allegation is that the collapse of the ditch was due to the negligence of the defendants, who had "assumed supervisory capacity and control of the work" at the point where decedent was working. But he was met with a motion for summary judgment, based upon affidavits submitted and depositions on file. The motion, under V.R.C.P. 56(b), squarely raised the question whether there was any genuine issue as to the material fact of control of the operation. The defendants contended that there was none, that Bixby, although employed by the other defendants, had no supervision or control of the operation in question, that the ditch was dug by and maintained by decedent's employer, and that Bixby was merely working in the ditch along with decedent and other employees of the contractor. The trial court heard extensive argument, permitted reargument, gave opportunity to submit counter-affidavits, and eventually granted the motion, giving judgment for all defendants. After reviewing the record at length, we are convinced that this judgment was correct, and affirm.

We are not here confronted with precipitous action on the part of the trial court. Each party was given full opportunity to submit materials in the form of affidavits, depositions and the like. Not only hearing, but rehearing, was afforded. Memoranda and countermemoranda were filed and considered. We are convinced that if the proceedings below show the absence of a factual issue on the question of control, there is no such issue; and justice can be served by deciding the case in its present posture. To that end we have carefully examined the record.

■■ It is, of course, axiomatic that, faced with a motion for summary judgment supported by affidavits, a party may not rest on the allegations in its pleading. *Wisell* v. *Jorgensen*, 136 Vt. 604, 398 A.2d 283 (1979); V.R.C.P. 56(e). It is not, therefore, determinative of the issue before us that the amended complaint states a cause of action. Here, the affidavits and depositions must control, and under them we can see no

factual issue on control of the operation which allegedly caused decedent's death.

 Defendants submitted the affidavit of defendant Bixby, who stated that the contractor dug the ditch, that he was there to repair a broken water line, that as he was doing this the decedent and others were working on a section of sewer pipe, that he gave no instructions or directions to them, and neither asked nor received any help or advice from them. His supplementary affidavit set out that he had nothing to do with the excavation or sewer pipe installation, and that decedent was not working with him at any time and had nothing to do with the repair of the water line. Defendants also submitted the affidavit of the Town and Village Manager that neither municipality had anything to do with the sewer installation, and contract in that connection, or any supervision or overseeing of the work. Plaintiff's only counteraffidavit was his own saying the defendant Bixby "in his capacity as employee of the Town and Village of Ludlow, was in control of the corrective operation going on at the time of the accident." Even apart from its vagueness as to the precise nature of the "corrective operation," this affidavit, in its essential parts, was on information and belief rather than on personal knowledge. Such allegations, being inadmissible hearsay, are not supporting affidavits within the meaning of the rule. V.R.C.P. 56(e). *Alpstetten Association* v. *Kelly*, 137 Vt. 508, 515, 408 A.2d 644, 648 (1979); *Johnson* v. *Fisher*, 131 Vt. 382, 384, 306 A.2d 696, 697 (1973). On the submitted affidavits, no material factual issue on the question of control can be found.

Nor do the depositions to which plaintiff refers us add to the affidavits in any particular. Beyond making (and presumably controlling) the repair of the broken water service, they attribute no further activity to the defendant Bixby, or through him to the defendant municipalities. They show no connection on his part with the making or maintenance of the excavation, and no relationship between him and the decedent or the decedent's employer beyond a contemporaneous presence at the same place. The burden is, as argued, upon the movants to establish the absence of dispute upon the issue, so that a trial would be useless. *Sykas* v. *Kearns*, 135 Vt. 610, 612, 383 A.2d 621, 623 (1978). Plaintiff points generally to the depositions

on file, but directs us to no specific answers therein as supporting his position. Examining them in detail even in the absence of a duty to do so, we find nothing contradictory to the affidavits submitted by defendants. For all that appears, defendant Bixby was only present, doing his own work, which involved nothing causative of the decedent's death. The judgment must be affirmed.

*Judgment affirmed.*