**Elwood Martin v. Muriel H. Eaton, Administratrix of the Estate of John C. Eaton**

[436 A.2d 751]

No. 9-81

Present: Barney, C.J., Larrow, Billings, Hill and Underwood, JJ.

Opinion Filed September 1, 1981

Motion for Reargument Denied October 14, 1981

*John J. Welch, Jr.,* Rutland, for Plaintiff.

*Peter S. Sidel,* Waitsfield, for Defendant.

**Underwood, J.** The plaintiff sought specific performance, or in the alternative damages, on a contract for the sale of real estate. The defendant's answer raised the affirmative defense that proof of the contract was barred by the Statute of Frauds. The defendant subsequently moved for and was granted summary judgment. It is from the granting of that motion that the plaintiff appeals.

The sole question is whether the pleadings, depositions, answers to interrogatories and affidavits raise a genuine issue of fact which precludes the award of summary judgment.

The verified complaint alleged that on November 23, 1977, the administrator of the estate of John C. Eaton had agreed to sell, and the plaintiff had agreed to buy, a 124 acre piece of property for $15,500. The plaintiff paid the administrator a deposit of $500, which was deposited by him in the estate's account.

On May 18, 1978, the administrator and the widow of the deceased jointly signed an application for a license to sell the property, and filed it with the probate court. At about the same time, the administrator notified the probate court that he intended to resign. His resignation was accepted by the court in December 1978.

The widow of the deceased was appointed administratrix c.t.a. On January 15, 1979, she filed an application with the probate court for a license to sell all of the realty in the estate, including the subject property. Neither application has been acted upon by the court. Since that time, the administratrix has advised the plaintiff that she does not intend to convey the land to him. To date, the defendant has not refunded the $500 deposit to the plaintiff.

The plaintiff alleged that he had paid $800 for a survey, borrowed money from a bank, and purchased other real estate, all in reliance on the agreement. He also filed an affidavit of the original administrator, in which the terms of the oral agreement were set forth. This affidavit was signed by the administrator before a notary public. The defendant, in response to the plaintiff's complaint, relied primarily on the affirmative defense of the Statute of Frauds, claiming that if

there was an agreement, it was an oral contract, and that therefore the plaintiff's action should be barred.

■■ A motion for summary judgment under V.R.C.P. 56 is not a trial of the underlying merits of the case on the basis of written affidavits. Rather, it poses the question of whether the party opposed to the motion can demonstrate that he has sufficient evidence to create a genuine issue of fact. *Sykas* v. *Kearns*, 135 Vt. 610, 612, 383 A.2d 621, 623 (1978); *Tierney* v. *Tierney*, 131 Vt. 48, 51–52, 300 A.2d 544, 547 (1972).

■■■ In a motion for summary judgment, the moving party has the burden of establishing that there exists no disputed issue of fact. *Sykas* v. *Kearns, supra,* 135 Vt. at 612, 383 A.2d at 623. The defendant, by stating that the contract was oral, and citing the Statute of Frauds, has not met that burden in this case. There was a written memorandum of the oral contract, signed by the original administrator, setting forth the terms of that contract. There was also the plaintiff's allegation, both in the complaint and in answers to interrogatories, of partial performance. These unrefuted facts take the plaintiff's case out of the Statute of Frauds and indicate that as a matter of law the plaintiff was entitled to affirmative relief.

The pertinent provision of our Statute of Frauds, 12 V.S.A. § 181, states as follows:

> An action at law shall not be brought in the following cases unless the promise, contract or agreement upon which such action is brought or some memorandum or note thereof is in writing, signed by the party to be charged therewith or by some person thereunto by him lawfully authorized:
>
> . . . .
>
> (5) A contract for the sale of lands . . . .

In view of the administrator's affidavit which was introduced by the plaintiff, the granting of summary judgment in favor of the defendant was clearly incorrect. In fact, that affidavit constitutes the memorandum referred to in the Statute of Frauds and is justification, without more, for the granting of summary judgment in favor of the plaintiff. The

granting of such relief in favor of the nonmoving party is expressly permitted by V.R.C.P. 56(c).

In view of the above holding, and because of the plaintiff's alternative request for specific performance or damages, we must reverse, grant summary judgment for the plaintiff and remand for the limited purpose of ascertaining the proper form of relief.

*Judgment is reversed, summary judgment is awarded to the plaintiff, and the case is remanded for the determination of relief.*