## Russell Pierce v. Gary and Susan Riggs

[540 A.2d 655]

No. 86-505

Present: **Allen, C.J., Peck, Dooley and Mahady, JJ., and Barney, C.J. (Ret.), Specially Assigned**

Opinion Filed December 24, 1987

*Charon A. True,* St. Albans, for Plaintiff-Appellant.

*Jane Hart Marter* of *Paul, Frank & Collins, Inc.,* Burlington, for Defendants-Appellees.

**Mahady, J.** This is a nuisance action in which plaintiff complains that the barking of dogs in a kennel maintained by defendants impairs the quiet enjoyment of his property. Plaintiff sought injunctive relief and monetary damages. The trial court granted defendants' motion for summary judgment.

Two issues are presented. The first is whether the trial court faced with a motion for summary judgment should have considered an affidavit filed by plaintiff with his complaint prior to defendants' motion. The second is whether that affidavit created genuine issues of material fact sufficient to defeat the motion for summary judgment.

We hold that the court should have considered the affidavit and that the affidavit was sufficient to defeat the motion. Accordingly, we reverse.

The trial court relied upon the previous holding of this Court that

> [o]nce a claim is challenged by motion for summary judgment, accompanied by an affidavit or affidavits or other documentary evidence sufficient to call into question the existence of the factual basis for the claim, the person advancing the claim may not rest upon his mere allegations, but must come forward with an opposing affidavit or other evidence that raises a dispute as to the fact or facts in issue.

*Alpstetten Association, Inc.* v. *Kelly,* 137 Vt. 508, 514, 408 A.2d 644, 647 (1979); see also *Margison* v. *Spriggs,* 146 Vt. 116, 119, 499 A.2d 756, 758 (1985). In other words, a party faced with a motion for summary judgment supported by affidavits "may not rest on the allegations in its pleadings." *Creaser* v. *Bixby,* 138 Vt. 582, 583, 420 A.2d 102, 103 (1980) (citations omitted); V.R.C.P. 56(e).

The rule is that an unverified complaint cannot be considered as an affidavit with regard to a motion for summary judgment, see *Middlebury American Legion Post No. 27* v. *Peck,* 139 Vt. 628, 632, 432 A.2d 1183, 1184 (1981); however, that was not the case here. Plaintiff did not rest on the mere allegations in his complaint. Rather, he relied upon an affidavit filed with his com-

plaint, which the trial court should have taken into account when it considered defendants' motion for summary judgment.

There appears to be some confusion about subsection (e) of Rule 56. Defendants, and apparently the trial court, have interpreted this section of the rule to mean that once a party brings a motion for summary judgment, accompanied by an affidavit or affidavits or other documentary evidence, then the burden shifts to the nonmoving party to present new evidence or an opposing affidavit that will demonstrate that there exists a dispute to the facts in issue. Under this interpretation, a previously filed affidavit cannot be considered.

There are two problems with this approach. First, "the moving party must meet its initial burden of showing an absence of controverted material fact *before* the opposing party is 'required to come forward with suitable opposing affidavits.' " *Alpstetten Association, Inc.*, 137 Vt. at 515, 408 A.2d at 647 (quoting *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 160 (1970)) (emphasis added). Analytically, the burden does not shift to the nonmoving party until the court determines that the party bringing the motion has met its burden that there are no material facts which are in dispute between the parties. Second, the nonmoving party is not necessarily required to bring in new evidence, or new affidavits, if they have already been supplied. If that were the case, all plaintiff would have been required to do is resubmit his affidavit which he had already filed with his complaint. Unlike *Alpstetten Association v. Kelly*, 137 Vt. at 515-16, 408 A.2d at 648, and *Margison v. Spriggs*, 146 Vt. at 117, 499 A.2d at 757, where the nonmoving parties never submitted affidavits or other evidence, plaintiff had submitted an affidavit with his complaint. When he filed the affidavit is immaterial.

Furthermore, when entertaining a Rule 56 motion for summary judgment, the trial court is required to consider the entire setting of the case, including the affidavits, depositions, admissions, answers to interrogatories and similar material on file to determine the existence of a genuine issue of material fact. V.R.C.P. 56(c); 10A C. Wright, A. Miller & M. Kane, Federal Practice and Procedure § 2721, at 43-46 (1983). Therefore, the entire record is to be considered. See, e.g., *United States ex rel. Ryan v. Broderick*, 59 F. Supp. 189, 192-93 (D. Kan. 1945); *Jennings v. State*, 566 P.2d 1304, 1310 (Alaska 1977). For these purposes, a sworn pleading is

the equivalent of an affidavit. *Ratner* v. *Young*, 465 F. Supp. 386, 389 n.5 (D.V.I. 1979).

Consequently, the trial court should have considered plaintiff's affidavit which accompanied the complaint. In that affidavit plaintiff asserts that defendants keep a number of dogs on their property, that the dogs bark loudly day and night at a level which is clearly audible on plaintiff's property, that the dogs are left unattended, and that the noise is such as to keep plaintiff from sleeping and even loud enough to drive plaintiff off the property on occasion.

"A motion for summary judgment under V.R.C.P. 56 is not a trial of the underlying merits of the case on the basis of written affidavits." *Martin* v. *Eaton*, 140 Vt. 134, 136, 436 A.2d 751, 753 (1981). "[T]he moving party has the burden of establishing that there exists no disputed issue of fact." *Id.* " '[T]he party opposing the summary judgment motion is to be given the benefit of all reasonable doubts and inferences in determining whether a genuine issue exists.' " *Cavanaugh* v. *Abbott Laboratories*, 145 Vt. 516, 520, 496 A.2d 154, 157 (1985) (quoting *Braun* v. *Humiston*, 140 Vt. 302, 306, 437 A.2d 1388, 1389 (1981)). Finally, the "[f]acts asserted by the opposing party, if supported by affidavits or other evidentiary material, are [to be] regarded as true." *Id.*

Viewing the plaintiff's affidavit in the prescribed manner, it is sufficient to make out a case of nuisance. See, e.g., *Gifford* v. *Hulett*, 62 Vt. 342, 19 A. 230 (1890). However, defendants advance four arguments in an attempt to counter the force of the affidavit.

■ Defendants first assert that the court could not rely on plaintiff's affidavit because it was in some respects contradicted by his later deposition. However, when considering a Rule 56 motion for summary judgment, an affidavit may not be excluded because it conflicts with a deposition. *Camerlin* v. *New York Central Railroad*, 199 F.2d 698, 701 (1st Cir. 1952); *Adams* v. *United States*, 392 F. Supp. 1272, 1274 (E.D. Wis. 1975). But see *Franks* v. *Nimmo*, 796 F.2d 1230, 1237 (10th Cir. 1986) ("courts will disregard a contrary affidavit when they conclude that it constitutes an attempt to create a sham fact issue."). Indeed, the alleged contradictions merely create an issue of fact as to credibility.

■ Secondly, defendants argue that the affidavits of other neighbors which assert that the dogs present no problems outweigh plaintiff's affidavit. However, it is not for the trial judge to adjudicate who is more credible, plaintiff or defendants and their

affiants, in the context of a motion for summary judgment. See *Fonda* v. *Fay*, 131 Vt. 421, 422, 306 A.2d 97, 98 (1973) (per curiam).

Defendants then note evidence to the effect that the plaintiff is hypersensitive. It is true that the standard to be used in a nuisance case is the standard of normal persons in the particular locality and not the hypersensitive. Prosser and Keeton on the Law of Torts § 88, at 627-28 (5th ed. 1984). These assertions, as well, merely raise genuine issues of material fact which are not to be adjudicated under a motion for summary judgment. See *Fonda*, 131 Vt. at 422, 306 A.2d at 98.

■ Finally, defendants claim that summary judgment was properly granted because plaintiff has not demonstrated that he has been significantly injured by the alleged nuisance of the dogs. While the trial court decided this was not a determinative issue, it was considered as a factor. Relief from a nuisance can vary from injunctive relief to damages for the depreciation in rental value and use value, or to special damages for discomfort and inconvenience. See Prosser and Keeton on the Law of Torts § 89, at 637-40 (5th ed. 1984). The trial court failed to consider the range of relief allowed for nuisance, and did not consider all of the damages pleaded and affirmed by the plaintiff. Any conflicts that may exist between plaintiff's pleadings, his affidavit and deposition do not presume there has been no damage done to plaintiff because of the alleged nuisance. The very existence of these conflicts serves to emphasize that the facts of this case are neither " 'clear, undisputed or unrefuted,' " *State* v. *Heritage Realty*, 137 Vt. 425, 428, 407 A.2d 509, 511 (1979) (quoting *Littlejohn* v. *Shell Oil Co.*, 483 F.2d 1140, 1145 (5th Cir. 1973)), and need to be tested in open court by the trier of fact. *Id.*

Taking plaintiff's affidavit into account, as is required, there clearly appear genuine issues of material fact. Summary judgment is not appropriate.

*Reversed and remanded.*