*Wissell v. Fletcher Allen Health Care, Inc.*, No. 232-2-12 Cncv (Grearson, J., May 22, 2014)

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

## STATE OF VERMONT

SUPERIOR COURT                                        CIVIL DIVISION
Chittenden Unit                                       Docket No. 232-2-12 Cncv

**HEATHER WISSELL**, Individually, and as
Administratrix for the Estate of Dylan M. Wissell
      Plaintiff

      v.

**FLETCHER ALLEN HEALTH CARE, INC.**
      Defendant

### DECISION AND ORDER ON DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S STATEMENT OF DISPUTED MATERIAL FACTS AND AFFIDAVIT OF PAUL STELZER

Defendant has moved to strike Plaintiff's Statement of Disputed Material Facts ("Plaintiff's statement of facts") that was submitted in support of Plaintiff's Response to Defendant's Motion for Summary Judgment ("Plaintiff's Response") on the ground that the statement is not compliant with V.R.C.P. 56(c)(1) and (2). Additionally, Defendant moves to strike the affidavit of Paul Stelzer, also submitted in support of Plaintiff's Response as Exhibit 4, on the grounds that it contains statements that are: (1) contradictory of sworn statements already given in Dr. Stelzer's discovery deposition; or (2) not based on personal knowledge and/or on which Dr. Stelzer is not competent to testify, in violation of V.R.C.P. 56(c)(2) and (4).

*Plaintiff's Statement of Disputed Material Facts*

Vermont Rule of Civil Procedure 56(c)(1) requires that a party asserting that a fact is genuinely in dispute for purposes of summary judgment must support the assertion by "[f]iling . . . a separate and concise statement of disputed facts, consisting of numbered paragraphs with specific citations to particular parts of materials in the record," or "[s]howing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." V.R.C.P. 56(c)(1)(A) and (B). Rule 56(c)(2) further provides that "[a] party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence." V.R.C.P. 56(c)(2).

Defendant objects to Plaintiff's statement of facts, claiming that it is too long, it is not concise nor limited to facts, and that many of the statements are not backed by accurate assertions. In its motion to strike, Defendant goes through at least ten of the paragraphs from Plaintiff's statement of facts, explaining why each paragraph, in its view, violates Rule 56(c)(1) and should be stricken.

The Court first observes that Plaintiff's statement of facts is approximately seven and one half pages long. The statement's length alone is no reason to grant Defendant's motion to strike. Seven and a half pages of facts do not present some sort of insurmountable obstacle for the Court, and the Court fails to see how this is an unreasonable length for such a Rule 56(c) statement of facts.

Secondly, the Court disagrees with some of Defendant's characterizations of Plaintiff's statement of facts. For example, as to paragraph one, Defendant contends that the timing of surgery is irrelevant. However, these facts are relevant as to whether a reasonable person in the patient's position would have undergone the Ross Procedure with Dr. Schmoker if fully informed of the risks. Plaintiff seeks to show that the patient's position was not so severe that immediate surgery was necessary; therefore, a reasonable person was more likely to decide to delay the procedure, undergo the procedure with a different surgeon, or undergo a different procedure if adequately informed.

Finally, although Plaintiff's statement of facts may not perfectly comply with Rule 56(c), the Court is perfectly capable of reading through the facts and the cited materials to determine whether genuine issues of material fact exist. For instance, while paragraph two of Plaintiff's statement of facts ("He [Dr. Schmoker] reiterated to Dylan and his mother that the risks of complications were 1 to 2%") may not be directly supported by the cited material, this fact is directly supported by Dr. Schmoker's deposition testimony:

> Q. Right. So, Doctor, am I correct that you told Dylan that his chances of complications from the Ross Procedure was 1 to 2 percent?
>
> A. That's correct.

Deposition of Joseph Schmoker 45 (Ex. C to DSMF; Ex. 8 to PSMF); *see also* V.R.C.P. 56(c)(3) ("*Materials Not Cited*. The court need consider only the materials cited in the required statements of fact, but it may consider other materials in the record.") (italics in original); Reporter's Notes—2012 Amendment, V.R.C.P. 56(c)(3) (explaining that the language in paragraph (c)(3) that the court "'may consider other material in the record' makes explicit the discretion of the trial court to make rulings in the interest of justice, regardless of whether facts are properly cited in the required statements").

There may be cases where a party's statement of facts is so convoluted, poorly drafted, and in blatantly unreasonable violation of Rule 56(c) that a court would strike all or portions of that statement of facts. This is not one of those cases. Defendant's motion to strike Plaintiff's Statement of Disputed Material Facts is denied.

*Affidavit of Paul Stelzer*

A. Sham Affidavit Rule

Defendant moves to strike portions of Dr. Stelzer's affidavit to the extent it contradicts his prior, sworn, deposition testimony pursuant to the "sham affidavit rule." Specifically,

Defendant alleges that paragraphs 13, 17, and 22 of Dr. Stelzer's affidavit contradict his prior deposition testimony.

The Vermont Rules of Civil Procedure allow for the use of supporting affidavits when a party moves for summary judgment. V.R.C.P. 56(a). However, the "sham affidavit rule," which has been adopted by many federal circuits and most state courts, prevents the use of after-the-fact affidavits as a procedural tool. The reasoning behind this rule is that "[i]f a party who has been examined at length on deposition could raise an issue of fact simply by submitting an affidavit contradicting his own prior testimony, this would greatly diminish the utility of summary judgment as a procedure for screening out sham issues of fact." *Perma Research & Dev. Co. v. Singer Co.*, 410 F.2d 572, 578 (2d Cir. 1969) (citation omitted). The Supreme Court of the United States has acknowledged the widespread adoption of this rule amongst federal courts, finding that

> [t]he lower courts . . . have held with virtual unanimity that a party cannot create a genuine issue of fact sufficient to survive summary judgment simply by contradicting his or her own previous sworn statement (by, say, filing a later affidavit that flatly contradicts that party's earlier sworn deposition) without explaining the contradiction or attempting to resolve the disparity.

*Cleveland v. Policy Mgmt. Sys. Corp.*, 526 U.S. 795, 806 (1999) (citation omitted, including cites to all eleven circuit courts). While—as the Supreme Court points out—each instance of a "sham" statement is highly factual,[1] there should still, in most instances, be an explanation for the discrepancy where a legal conclusion is involved. *See id.* at 807.

However, the Supreme Court of Vermont has held that "an affidavit may not be excluded solely on the ground that it conflicts with a deposition[,]" *N. Sec. Ins. Co., Inc. v. Rossitto*, 171 Vt. 580, 581 (2000) (mem.) (citing *Pierce v. Riggs*, 149 Vt. 136, 138 (1987)), but that "affidavits, which appear to be crafted to avoid summary judgment, do not preclude summary judgment[.]" *Vail v. Vt. Agency of Transp.*, No. 2012-339, slip op. at 7 (Vt. May Term 2013) (unpublished mem.), available at https://www.vermontjudiciary.org/UPEO2011Present/eo12-339.pdf (citation omitted). In making this second holding, the three justices relied on two Second Circuit cases. The first stated that "'factual allegations that might otherwise defeat a motion for summary judgment will not be permitted to do so when they are made for the first time in [an] affidavit opposing summary judgment and that affidavit contradicts [the affiants'] own prior deposition testimony.'" *Id.* (alterations in original) (citing *Brown v. Henderson*, 257 F.3d 246, 252 (2d Cir. 2001)). The second found that "'[i]t is beyond cavil 'that a party may not create an issue of fact by submitting an affidavit in opposition to a summary judgment motion that . . . contradicts the affiant's previous deposition testimony.'" *Id.* (citing *Bickerstaff v. Vassar Coll.*, 196 F.3d 435, 455 (2d Cir. 1999) (citation omitted)). This means that the allegedly contradictory sentences in Dr. Stelzer's affidavit should not automatically be stricken even if Defendant can point to conflicting deposition testimony, but that if the affidavit was crafted by Plaintiff just to

---

[1] The *Cleveland* case, for instance, involved conflicting statements on an application for Social Security Disability Insurance benefits and a claim of discrimination under the Americans with Disabilities Act. *Cleveland*, 526 U.S. 795.

prevent summary judgment by contradicting prior testimony it should not, itself, automatically defeat the Defendant's summary judgment motion.

In paragraph 13 of his affidavit, Dr. Stelzer says that the risk of mortality for Dylan in undergoing the Ross Procedure is four to five times the rate that Dr. Schmoker quoted Dylan for all major complications (one to two percent). *See* Affidavit of Paul Stelzer ("Affidavit") ¶ 13 (Ex. 4 to Def.'s Mot. to Strike ("MTS")). Defendant claims this directly contradicts Dr. Stelzer's earlier deposition testimony that the lowest reasonable quantification of the risk of all material fatal and non-fatal complications was five percent. *See* Deposition of Paul Stelzer ("Deposition") 106–08 (Ex. 2 to MTS). In deciding Defendant's summary judgment motion, the Court relies on the five percent figure from Dr. Stelzer's deposition testimony, and concludes that genuine issues of material fact exist as to whether a reasonable person in Dylan's position would have decided not to undergo the procedure if informed that the risk of complications was five percent rather than one to two percent. Therefore, even if paragraph 13 were stricken, it would make no difference for the purposes of summary judgment.

In paragraph 17 of his affidavit, Dr. Stelzer opines that neither Dylan nor a reasonable person in Dylan's position would have allowed Dr. Schmoker to perform the Ross Procedure if he had been properly informed. *See* Affidavit ¶ 17 (Ex. 4 to MTS). Defendant alleges that this statement contradicts his admission in his earlier deposition testimony that saying what Dylan would have done with the proper complication information would be "speculating." *See* Deposition 109 (Ex. 2 to MTS). The Court deems Dr. Stelzer's opinion as to what Dylan or a reasonable person in Dylan's position would have done to be immaterial for the purposes of the summary judgment motion. The Court finds that genuine issues of material fact exist as to what Dylan or a reasonable person would have done, even without considering Dr. Stelzer's opinion on the issue. Therefore, striking paragraph 17 would be inconsequential.

Lastly, Defendant contends that in paragraph 22 of his affidavit, Dr. Stelzer states that a surgeon must affirmatively state his actual experience, *see* Affidavit ¶ 22 (Ex. 4 to MTS), and that this statement contradicts his earlier deposition testimony that a surgeon had no such affirmative obligation. *See* Deposition 88 (Ex. 2 to MTS). The Court believes that Defendant mischaracterizes Dr. Stelzer's statement in his affidavit, and that the affidavit and deposition testimony are not necessarily contradictory in this regard. Moreover, the Court concludes that, as a matter of law, 12 V.S.A. § 1909(a)(1) imposes no affirmative duty on a physician to disclose physician-specific information, such as the physician's experience, to a patient. Therefore, Dr. Stelzer's opinion that a physician has such an affirmative duty—if that is in fact his opinion, which the Court doubts—is irrelevant, and striking paragraph 22 would be inconsequential.

Therefore, Defendant's motion to strike Dr. Stelzer's affidavit is denied to the extent it relies on the sham affidavit rule.

B. <u>Statements not Based on Dr. Stelzer's Personal Knowledge or Competence</u>

Lastly, Defendant argues that numerous statements in Dr. Stelzer's affidavit should be stricken because they are not based on Dr. Stelzer's personal knowledge or competence, in

violation of V.R.C.P. 56(c)(2) and (4). Specifically, Defendant urges the Court to strike paragraphs 7, 16, 17, 19, 21, and 22 of Dr. Stelzer's affidavit.

As stated above, Rule 56(c)(2) provides that "[a] party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence." V.R.C.P. 56(c)(2). Additionally, Rule 56(c)(4) deals specifically with affidavits: "An affidavit used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated." V.R.C.P. 56(c)(4).

The Court concludes that it is unnecessary to cite to or otherwise rely upon any of the challenged paragraphs in determining the material facts in its summary judgment decision. By way of example, the Court considers the first paragraph challenged by Defendant, which is paragraph 7. In the second sentence of paragraph 7 of his affidavit, Dr. Stelzer stated, "it is generally understood in the medical community that a physician has to perform approximately thirty Ross Procedures to become proficient in the operation." Affidavit ¶ 7 (Ex. 4 to MTS).

The Court observes that this sentence by itself, which Defendant contests, is likely inadmissible hearsay. It is true that Dr. Stelzer may offer his own expert opinion as to how many Ross Procedures a surgeon must perform to become "proficient" in the procedure, *see* V.R.E. 702, and he may rely on otherwise inadmissible facts, data, or even opinions of the type reasonably relied upon by experts in his field to form the basis for his opinion. *See* V.R.E. 703; *985 Assocs., Ltd. v. Daewoo Electronics Am., Inc.*, 2008 VT 14, ¶ 14, 183 Vt. 208 ("experts may rely on another expert's opinion if it is of a type reasonably relied upon by experts in the particular field"). And the journal article submitted by Plaintiff (Tirone E. David, Ross Procedure at the Crossroads, *Circulation: Journal of the American Heart Association* (2009;119:207-209) (Ex. 4 to Pl.'s Resp. to Def.'s Mot. To Strike) (stating that "it probably takes >30 patients to master this complex operative procedure")) may very well be admissible under the "learned treatises" exception to the hearsay rule if relied upon by Dr. Stelzer in forming his opinion, *see* V.R.E. 803(18), although the Court need not address that question today.

But Dr. Stelzer may not simply offer the opinion of other experts. *See*, *e.g.*, *State v. Towne*, 142 Vt. 241, 246 (1982) (quoting *Dupona v. Benny*, 130 Vt. 281, 287 (1972) (expert may not "'act[] as a conduit' for the other doctor's opinion . . . one expert may not put in evidence the opinion of a nontestifying expert without running afoul of the hearsay rule"); *see also Todd v. Williams*, 18 F.3d 1132, 1143-44 (4th Cir. 1994) (medical expert could not testify that his opinions were "essentially the same" as another non-testifying expert); *Todd v. Williams*, 242 Va. 178 (1991) (error to allow expert witness to bolster or corroborate witness's opinion by telling jury that written authorities—"the literature"—support or agree with witness's opinion); *State v. Bonnin*, 132 N.H. 488 (1989) (expert witness cannot repeat another expert's opinion, unless witness relied on it in forming witness's own opinion).

However, the Court does not find paragraph 7 material to the summary judgment motion. For the purposes of summary judgment, the Court relies upon paragraphs 8, 10, and 11 of the affidavit, none of which Defendant challenges. In paragraph 8, Dr. Stelzer opined that "there is a direct relationship between risks and the amount of experience of the individual surgeon when

considering the Ross Procedure." Affidavit ¶ 8 (Ex. 4 to MTS). In paragraph 10, he opined that any representation that Dr. Schmoker was "very experienced" or even "experienced" would be a "misrepresentation of his experience with the Ross Procedure." *Id*. ¶ 10. In paragraph 11, Dr. Stelzer opined that Dr. Schmoker's performance of the Ross Procedure on Dylan reflected his "lack of experience with the procedure," although he did not offer an opinion that Dr. Schmoker had deviated from the standard of care. *Id*. ¶ 11.

Thus, even if paragraph 7 of the affidavit were stricken, the similar and unobjected-to information provided in paragraphs 8, 10, and 11 are such that striking paragraph 7 would have no effect on the Court's decision denying summary judgment. Moreover, as stated above, the Court does not find it necessary, for the purposes of determining the outcome of the summary judgment motion, to rely on any of the affidavit's paragraphs that are challenged by Defendant. Therefore, Defendant's motion to strike is denied to the extent Defendant alleges that Dr. Stelzer's statements are not based on personal knowledge or competence.

## ORDER

For the foregoing reasons, Defendant's Motion to Strike Plaintiff's Statement of Disputed Material Facts and the Affidavit of Paul Stelzer is **denied**.

So Ordered.

Dated at Burlington, Vermont, May 20, 2014.

_____
Brian J. Grearson
Superior Court Judge