STATE OF VERMONT

| | |
|---|---|
| SUPERIOR COURT | ENVIRONMENTAL DIVISION |
| | Docket No. 121-10-19 Vtec |

| | |
|---|---|
| 83 North Willard Street CU | DECISION ON MOTION |

Andrew and Diane Frankenfield (Appellants) appeal the Burlington Development Review Board's (DRB) denial of an application to increase the occupancy of a single family home located at 83 North Willard St., Burlington, Vermont (the Property) from 4 to 5 unrelated adults. The City of Burlington (City), joined by interested parties Caryn and Michael Long (Longs), oppose the application. Presently before the Court is Appellants' motion for summary judgment on Question 3 of their Statement of Questions, pursuant to V.R.C.P. 56(b).

Appellants are represented by Hans G.Huessy, Esq. The City is represented by Kimberlee J. Sturtevant, Esq. Interested parties Caryn and Michael Long are self-represented.

**Legal Standard**

To prevail on a motion for summary judgment, the moving party must demonstrate "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." V.R.C.P. 56(a), applicable here through V.R.E.C.P. 5(a)(2). When considering a motion for summary judgment, the nonmoving party receives the benefit of all reasonable doubts and inferences. Robertson v. Mylan Labs., Inc., 2004 VT 15, ¶ 15, 176 Vt. 356. Once the moving party meets the initial burden of showing that no material facts are disputed, the burden shifts to the non-moving party to establish a triable issue of fact. Pierce v. Riggs, 149 Vt. 136, 138 (1987). In determining whether there is any dispute over a material fact, "we accept as true allegations made in opposition to the motion for summary judgment, so long as they are supported by affidavits or other evidentiary material." White v. Quechee Lakes Landowners' Ass'n, Inc., 170 Vt. 25, 28 (1999) (citation omitted); V.R.C.P. 56(c)(1)(A).

## Findings of Fact

We recite the following facts solely for the purpose of deciding the pending motion for summary judgment. These facts do not constitute factual findings, as factual findings cannot occur until after the Court conducts a trial. Fritzeen v. Trudell Consulting Eng'rs, Inc., 170 Vt. 632, 633 (2000) (mem.).

1.  Appellants applied to the City of Burlington Development Review Board (DRB) to request an occupancy by 5 unrelated adults and 1 space parking waiver at Appellants' property located at 83 North Willard St., Burlington, Vermont (the Property).

2.  The Property is located in the Residential Medium Density District (RM).

3.  On September 17, 2019, the DRB denied Appellants' application to allow occupancy by 5 unrelated adults in a single family home.

4.  The DRB's decision cited to the City of Burlington Comprehensive Development Ordinance (CDO) § 4.4.5(d)(5)(C)(ii) as one ground for an adverse finding, concluding that the dwelling on the Property contained 2,122 square feet, excluding the basement or attic.

5.  CDO § 4.4.5(d)(5)(C)(ii) requires, in part, that a RM dwelling unit may be occupied by more than four unrelated adults if it contains at least 2,700 square feet, excluding its attic and basement, and one additional parking space per adult occupant in excess of four is provided.

6.  The Property Listing Card characterizes the building as two and a half stories and containing a total of 2,917 square feet.

7.  The Listing Card describes the half story as containing 795 square feet, which is 75% as large as the second floor, containing 1,060 square feet. As a result, the Assessor's Office treated the half story as a third story and not an attic for tax purposes.

8.  The half story is a finished and habitable living space, pursuant to CDO § 4.4.5(d)(5)(C).

9.  Appellants timely appealed the DRB decision to this Court on October 10, 2019.

## Discussion

Appellants move for summary judgment on Question 3 of their Statement of Questions.

Question 3 asks whether the DRB erred in determining that Appellants' property has less than 2,700 square feet of living space. Appellants contend the top floor was not included in this calculation, which would increase the living space to over 2,900 square feet. The City does not dispute that the top floor should be counted and agrees that this resolves Question 3. In a related motion, the Longs moved to dismiss, arguing that the topmost floor of the building constitutes an attic and therefore should not be counted in the total square ft calculation. The crux of this summary judgment motion and motion to dismiss turn upon the definition of whether the top floor constitutes an attic. Therefore, we resolve both motions here.

The City, joined by Appellants, contend CDO § 13.1.2 directs the Court should look to either the American Insurance Association's National Building Code (NBC) or the National Fire Protection Association's National Fire Code (NFC) when defining "attic."[1] The City contends that under these parameters, the top floor does not constitute an attic and should be included in the total square feet calculation. In support, Appellants note that the City Assessor distinguishes a top floor from an attic, "if the top floor of a building is 75% as large as the floor beneath it." Appellants' Reply in Support of their Motion for Summary Judgment at 1, filed Feb. 14. 2020.

The Longs argue that the common definition of an "attic," as a "story or room directly below the roof of a building," describes the top floor of Appellants' property and is therefore expressly excluded in the square feet calculation. See Motion to Dismiss at 1, filed Dec. 18, 2019 (citing American Heritage Dictionary of the English Language (5th ed. 2020)).

The term "attic" is not defined in the CDO. In interpreting zoning ordinances, we apply principles of statutory construction and we "construe words according to their plain and ordinary meaning, giving effect to the whole and every part of the ordinance." In re Appeal of Trahan, 2008 VT 90, ¶ 19, 184 Vt. 262. If there is no plain meaning, we will "attempt to discern the intent from other sources without being limited by an isolated sentence." In re Stowe Club Highlands, 164 Vt. 272, 280 (1995). In construing ordinance language, our "paramount goal" is to implement

---

[1] Appellants initially proposed that this Court should look to the definition of attic contained in the Burlington Code of Ordinances (BCO) § 18-508(a)(2). See Appellants' Motion for Summary Judgment at 2–3, filed Dec. 24, 2019 (arguing that the intent of this provision was to require a minimum amount of living space per resident adult). Appellants later acknowledge the City's application of the NFC. See Appellants' Reply in Support of their Motion for Summary Judgment at 1, filed Feb. 14. 2020.

the intent of its drafters.  Colwell v. Allstate Ins. Co., 2003 VT 5, ¶ 7, 175 Vt. 61.  We therefore "adopt a construction that implements the ordinance's legislative purpose and, in any event, will apply common sense."  In re Laberge Moto-Cross Track, 2011 VT 1, ¶ 8, 189 Vt. 578 (quotations omitted); see also In re Bjerke Zoning Permit Denial, 2014 VT 13, ¶ 22, 195 Vt. 586 (quoting Lubinsky v. Fair Haven Zoning Bd., 148 Vt. 47, 49 (1986)).

Here, while the CDO does not expressly define "attic," the definitions section of the CDO provides that:

> Unless defined to the contrary in Section 4303 of the Vermont Planning and Development Act as amended, or defined otherwise in this section, definitions contained in the building code of the City of Burlington, Sections 8-2 and 13-1 of the Code of Ordinances, as amended, incorporating the currently adopted edition of the American Insurance Association's "National Building Code" and the National Fire Protection Association's "National Fire Code" shall prevail.

CDO § 13.1.2; see also CDO § 4.4.5(d)(5) (directing that definitions for terms be found in § 13.1). The NFC defines attic as "[t]he space between the ceiling of a story and the roof directly above the habitable story."  Nat'l Fire Prot. Assoc. 101 Life Safety Code § 3.3.28.  It is undisputed that the top floor is a "finished" and habitable space.[2]  See City of Burlington's Response to Appellants' Motion for Summary Judgment at 1–3, filed Jan. 31, 2020.  We agree.  The plain language of the CDO incorporates the NFC's definition, which expressly excludes a habitable story from being considered an "attic."  We therefore conclude the that the 795 square feet area of the top floor be included in the calculation, resulting in a total of 2,917 square feet.

CDO § 4.4.5(d)(5)(C) requires, in part, that a "dwelling unit may be occupied by more than four (4) unrelated adults if it contains at least 2,500 square feet excluding its attic and basement . . . ." in a RM so long as the dwelling also contains an additional 200 square feet and one additional parking space per adult in excess of four.  Therefore, as Appellants seek an increase in

---

[2] Appellants note the top floor is the requisite ceiling height for residential purposes; includes a full access stairwell, fire detectors, and a fire escape; and the floor plan contains three bedrooms, one bathroom, one storage closet, and one office.  See Appellants' Motion for Summary Judgment at 2–3, filed Dec. 24, 2019.  The DRB also notes that the upper floor is "finished."  In re: 83 North Willard Street CU, Findings of Fact & Decision, at 4 (City of Burlington Dev. Review Bd. Sept. 18, 2019).

occupancy to 5 adults, a threshold of 2,700 square feet is required.  The inclusion of the 795 square foot top floor would meet this threshold.

## Conclusion

For the foregoing reasons, we conclude that the top floor of the Property is not an "attic" and is included in the square foot calculation pursuant to CDO § 4.4.5(d)(5)(C).  Thus, the dwelling meets the 2,700 square foot threshold.  We therefore **GRANT** Applicants' motion for summary judgment on Question 3 of their Statement of Questions and **MOOT** the Longs' motion to dismiss.

Electronically signed on July 09, 2020 at 02:22 PM pursuant to V.R.E.F. 7(d).

_____
Thomas G. Walsh, Judge
Superior Court, Environmental Division