STATE OF VERMONT

| | |
|---|---|
| SUPERIOR COURT | ENVIRONMENTAL DIVISION |
| | Docket No. 121-10-19 Vtec |

| | |
|---|---|
| 83 North Willard Street CU | DECISION ON MOTIONS |

Andrew and Diane Frankenfield (Appellants) appeal the Burlington Development Review Board's (DRB) denial of an application to increase the occupancy of a single family home located at 83 North Willard St., Burlington, Vermont (the Property) from 4 to 5 unrelated adults. The City of Burlington (City), joined by interested persons Caryn and Michael Long (Longs), opposes the application. Presently before the Court are motions for summary judgment from both the City and the Longs.

Appellants are represented by Hans G.Huessy, Esq. The City is represented by Kimberlee J. Sturtevant, Esq. Interested persons Caryn and Michael Long are self-represented.

**Legal Standard**

To prevail on a motion for summary judgment, the moving party must demonstrate "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." V.R.C.P. 56(a), applicable here through V.R.E.C.P. 5(a)(2). When considering a motion for summary judgment, the nonmoving party receives the benefit of all reasonable doubts and inferences. Robertson v. Mylan Labs., Inc., 2004 VT 15, ¶ 15, 176 Vt. 356. Once the moving party meets the initial burden of showing that no material facts are disputed, the burden shifts to the non-moving party to establish a triable issue of fact. Pierce v. Riggs, 149 Vt. 136, 138 (1987). In determining whether there is any dispute over a material fact, "we accept as true allegations made in opposition to the motion for summary judgment, so long as they are supported by affidavits or other evidentiary material." White v. Quechee Lakes Landowners' Ass'n, Inc., 170 Vt. 25, 28 (1999) (citation omitted); V.R.C.P. 56(c)(1)(A).

**Findings of Fact**

We recite the following facts solely for the purpose of deciding the pending motions for summary judgment. These facts do not constitute factual findings, as factual findings cannot occur until after the Court conducts a trial. Fritzeen v. Trudell Consulting Eng'rs, Inc., 170 Vt. 632, 633 (2000) (mem.).

1.  Appellants applied to the City of Burlington Development Review Board (DRB) for conditional use approval to increase occupancy from 4 unrelated adults to 5, and for a 1 space parking waiver, at Appellants' single family residence located at 83 North Willard St., Burlington, Vermont (the Property).

2.  On September 17, 2019, the DRB denied Appellants' application to allow occupancy by 5 unrelated adults at the Property.

3.  The DRB's decision included an adverse finding as to the requested parking waiver pursuant to the City of Burlington Comprehensive Development Ordinance (CDO) § 8.1.15.

4.  The Property is located in the Medium-Density Residential District (RM District).

5.  Potential parking space at the Property is limited to a one-car garage and a single car width driveway approximately 25 feet long.

6.  The October 1, 2019 Lease Agreement for the Property discusses parking at ¶ 26, stating: "Owner may impose reasonable rules and regulations concerning the Premises. Tenant shall obey such rules and regulations as of the terms of this Lease. The Premises has a driveway to the LEFT of the front porch to be shared by all Tenants; there are no 'reserved' spaces."

7.  Appellants timely appealed the DRB decision to this Court on October 10, 2019.

**Discussion**

Both the City and the Longs move for summary judgment, arguing that Appellants may not request a parking waiver or satisfy parking requirements through alternative means. Although the motions raise similar arguments, we address them separately.

I.      The City's Motion for Summary Judgment

The City seeks summary judgment on Appellants' Question 4 and appears to seek judgment on Question 5. We address each Question in turn.

*a. Appellant's Question 4*

Question 4 asks: "Did the Burlington Development Review Board err in determining that Appellants were not entitled to a waiver from the additional parking requirement?"  See Statement of Questions. The City and Appellants agree that, in the absence of a parking waiver, Appellants must provide a total of 3 parking spaces on-site to increase occupancy at the Property from 4 unrelated adults to 5. See CDO Table 8.1.8-1 (requiring 2 parking spaces for single family residential uses); CDO §§ 4.4.5(d)(5)(C), (C)(ii) (requiring "one (1) additional parking space per adult occupant in excess of four (4)" for dwelling units in the RM District). As the Property has a maximum of 2 parking spaces on-site, it cannot meet the requirements without a waiver, and the City argues that Appellants are precluded from applying for a waiver as a matter of law.[1]

The City contends that Appellants cannot request a waiver for the additional parking space required by CDO § 4.4.5(d)(5)(C)(ii) because parking waivers are not contemplated under Article 4 of the ordinance, and because the option to apply for a waiver would contravene the intent of the additional space requirement.  In interpreting zoning ordinances, we apply principles of statutory construction and we "construe words according to their plain and ordinary meaning, giving effect to the whole and every part of the ordinance."  In re Appeal of Trahan, 2008 VT 90, ¶ 19, 184 Vt. 262.  If there is no plain meaning, we will "attempt to discern the intent from other sources without being limited by an isolated sentence."  In re Stowe Club Highlands, 164 Vt. 272, 280 (1995).  In construing ordinance language, our "paramount goal" is to implement the intent of its drafters.  Colwell v. Allstate Ins. Co., 2003 VT 5, ¶ 7, 175 Vt. 61.  We therefore "adopt a construction that implements the ordinance's legislative purpose and, in any event, will apply common sense."  In re Laberge Moto-Cross Track, 2011 VT 1, ¶ 8, 189 Vt. 578 (quotations

---

[1] There are currently two potential spaces at the Property where cars could park: the driveway and the garage.  The City questions whether the garage is available for tenant use but goes on to state that the issue is irrelevant to its motion.

3

omitted); see also In re Bjerke Zoning Permit Denial, 2014 VT 13, ¶ 22, 195 Vt. 586 (quoting Lubinsky v. Fair Haven Zoning Bd., 148 Vt. 47, 49 (1986)).

Under Article 4, CDO § 4.4.5(d)(5)(C)(ii) allows occupancy by more than 4 unrelated adults in the RM District "[i]f . . . the dwelling unit also contains at least an additional 200 square feet and one (1) additional parking space per adult occupant in excess of four (4)." General parking requirements and parking waivers are addressed under Article 8, where CDO § 8.1.15(a) states:

> "[t]he total number of parking spaces required pursuant to this Article may be modified to the extent that the applicant can demonstrate that the proposed development can be adequately served by a more efficient approach that more effectively satisfies the intent of this Article and the goals of the municipal development plan to reduce dependence on the single-passenger automobile."

The City notes that Article 4 is silent as to a waiver of the additional parking requirement, and that CDO § 8.1.15(a) appears to contemplate waiver only with respect to "[t]he . . . parking spaces required pursuant to . . . Article [8]." In response, Appellants point to CDO § 8.1.5 which states:

> "Whenever there is . . . a change or expansion of a use which increases the parking requirements, the total additional parking requirements for the . . . change, or expansion shall be provided in accordance with the requirements of this Article. A waiver may be requested pursuant to the requirements of Sec. 8.1.15."

CDO § 8.1.5 (addressing "Existing Structures – Change or Expansion of Use").

In this case, Appellants seek to expand the use of their existing single family residence from 4 occupants to 5. Though there is no express provision for waiver of the additional parking required by Article 4, there is no express prohibition either. See CDO §§ 4.4.5(d)(5)(C), (C)(ii). We cannot ignore the plain meaning of CDO § 8.1.5: additional parking requirements arising from an expansion of use should be implemented pursuant to Article 8, and "[a] waiver may be requested pursuant to" CDO § 8.1.15. See CDO § 8.1.5; see also Trahan, 2008 VT 90, ¶ 19 ("When interpreting zoning ordinances, we construe words according to their plain and ordinary meaning, giving effect to the whole and every part of the ordinance.") (citation omitted). We conclude that this provision allows waiver requests related to the additional parking requirements under Article 4. Our interpretation is bolstered by the understanding that additional parking requirements under Article 4 must be governed by Article 8 to some extent, as it establishes baseline off-street parking requirements "for all uses and structures" and sets forth the relevant considerations for "[p]arking spaces in all residential zoning districts." See CDO

§ 8.1.8 (setting "Minimum Off-Street Parking Requirements"); CDO § 8.1.12(b) (discussing requirements for residential driveways); see also Laberge, 2011 VT 1, ¶ 8 (zoning ordinances should be interpreted with "common sense").

The City's argument concerning the intent of CDO § 4.4.5(d)(5)(C) does not alter our analysis. In essence, the City contends that the section is meant to permit additional occupants only for larger properties that can meet the additional requirements. While we agree that § 4.4.5(d)(5)(C) is intended to impose additional requirements, it does not follow that allowing a waiver request would undermine that intent. Article 8 requires that Appellants provide a minimum of 2 parking spaces at the Property, and Article 4 requires an additional space to increase occupancy from 4 to 5 unrelated adults. See CDO Table 8.1.8-1; CDO §§ 4.4.5(d)(5)(C), (C)(ii). With 4 occupants, Appellants could request a parking waiver to reduce the 2-space requirement to 1 space. Now however, they seek approval for 5 occupants and a waiver would reduce the requirement only from 3 to 2.

Furthermore, a waiver should not be granted unless an applicant "can demonstrate that the proposed development can be adequately served by a more efficient approach that more effectively satisfies the intent of . . . Article [8] and the goals of the municipal development plan." CDO § 8.1.15(a). The burden to show entitlement to a waiver is not insignificant. Finally, we agree with Appellants that even if they were not able to request a waiver for the additional space requirement under § 4.4.5(d)(5)(C)(ii), they would be within their rights to request a waiver for 1 of the 2 spaces required under Table 8.1.8-1. See CDO Table 8.1.8-1; CDO § 8.1.15 ("The total number of parking spaces required pursuant to this Article may be modified . . . .").

For the reasons above, we conclude that Appellants may request a waiver for 1 of the 3 required parking spaces at the Property. The City's motion is therefore **DENIED** as to Question 4. See V.R.C.P. 56(a).

*b. Appellant's Question 5*

Question 5 asks: "Can the additional parking requirement be met by either 1) inserting a lease provision that prohibits the 5th tenant from owning a car and expressly forbids them from parking on site or 2) leasing an offsite parking spot?" Statement of Questions. It appears there is some confusion between the City and Appellants as to the meaning of the Question. The City

asserts that neither a lease provision nor off-site parking can satisfy the CDO parking space requirements, because all spaces must be provided and must be located on the Property. See CDO § 8.1.12 ("Except for single and two-family dwellings, required parking facilities may be located on another parcel of land."). Appellants agree that all required parking spaces must be on-site, but they appear to argue that the alternatives contemplated in Question 5 can be included as part of the "Parking Management Plan" which is a prerequisite to receiving a parking waiver under CDO § 8.1.15. See CDO §§ 8.1.15(a), (a)(4) (requiring parking plans to "identify strategies . . . to reduce or manage the demand for parking"). Appellants seem to suggest that Question 5 relates to the contents of their waiver request or Parking Management Plan and is not asking about alternative means to comply with the parking space requirements.

To the extent Question 5 asks whether Appellants can use a lease provision or off-site parking as a direct replacement for a required parking space under CDO Table 8.1.8-1 or § 4.4.5(d)(5)(C)(ii), we conclude that the answer is no. It is the Court's understanding that the City and Appellants agree. In the absence of a waiver, Appellants must provide 3 on-site parking spaces and there are no provisions for alternative compliance. See CDO § 8.1.8; CDO Table 8.1.8-1; CDO § 4.4.5(d)(5)(C)(ii). We therefore **GRANT** the City's motion as to that narrow issue and answer Question 5 in the negative as follows: the applicable parking requirements of CDO Table 8.1.8-1 and § 4.4.5(d)(5)(C)(ii) cannot be fulfilled by lease provisions or off-site parking arrangements. See V.R.C.P. 56(a).

To the extent Question 5 is intended to raise issues related to the contents or sufficiency of Appellants' waiver request and Parking Management Plan, those issues are not discussed in the City's motion and remain for resolution as necessary at a later date. We now turn to the Longs' motion.

II.     The Longs' Motion for Summary Judgment

The Longs move for summary judgment on Questions 4 and 5, on similar grounds to those offered by the City: they assert that Appellants cannot request a waiver for the additional parking space required by CDO § 4.4.5(d)(5)(C)(ii) because parking waivers are not contemplated under Article 4 of the ordinance. The Longs also argue that even if a waiver request is allowed, it should

6

be denied, and that off-site parking cannot satisfy the applicable CDO parking requirements.[2] Appellants contend that the Longs' motion should be dismissed for failure to comply with V.R.C.P. 56(c), because their statement of undisputed material facts does not cite to any materials in the record. See V.R.C.P. 56(c). We address the Longs' motion to the extent we are able, with the hope of clarifying the issues before the Court.

For the reasons outlined in our discussion of the City's motion, we have already concluded that Appellants are entitled to seek a waiver for 1 of the 3 required parking spaces at the Property. Thus, the Longs' motion is **MOOT** as to Appellants' ability to request a waiver. We have already concluded that off-site parking cannot be used to satisfy the applicable CDO parking requirements in this case, therefore the Longs' motion is **MOOT** as to that issue as well. The Longs also appear to seek judgment in their favor on the basis that Appellants do not qualify for a waiver pursuant to the standards of CDO § 8.1.15. We have not addressed the merits of Appellants' waiver request, and we cannot do so here. Though the Longs include several arguments in their memorandum, they do not assert undisputed facts or cite evidentiary materials which would enable the Court to evaluate Appellants' waiver proposal. See V.R.C.P. 56(a) (the moving party must demonstrate "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law"); see also V.R.C.P. 56(c). The Longs' motion is therefore **DENIED** to the extent it seeks judgment on the merits of Appellants' waiver request.

## Conclusion

For the foregoing reasons, we conclude that Appellants may request a waiver for 1 of the 3 parking spaces required to increase occupancy at the Property from 4 unrelated adults to 5. The City's motion for summary judgment is **DENIED** as to Appellants' Question 4 and **GRANTED** on limited grounds as to Question 5. Question 5 is answered in the negative to the extent it asks

---

[2] The Longs raise an additional issue related to Appellants' garage, asserting that it is not a viable space for parking on the Property. It is not clear how the garage issue relates to Appellants' Statement of Questions, or whether the motion seeks summary judgment in connection with this argument. Regardless, the Longs have not asserted undisputed facts or cited evidentiary materials concerning the use of the garage for parking, therefore we decline to discuss the issue in the context of this motion. See V.R.C.P. 56(a); V.R.C.P. 56(c).

whether a lease provision or off-site parking can be used as a replacement for a required parking space under CDO Table 8.1.8-1 or CDO § 4.4.5(d)(5)(C)(ii).

The Longs' motion for summary judgment on is **MOOT** as to Appellants' ability to request a parking waiver (Question 4), and **MOOT** as to the question whether off-site parking can be used to satisfy the applicable CDO parking requirements (Question 5). The Longs' motion is **DENIED** as to the merits of Appellants' waiver request.

Question 4 remains before the Court, and Question 5 remains before the Court to the extent it raises issues related to the contents or sufficiency of Appellants' Parking Management Plan and waiver request pursuant to CDO § 8.1.15.

Electronically Signed: 3/3/2021 11:06 AM pursuant to V.R.E.F. 9(d).

Thomas G. Walsh, Judge
Superior Court, Environmental Division